No. 29,720.

W. R. Hewey, *Appellee*, v. Wells W. Miller and W. D. Kenny, *Appellants*.

(295 Pac. 723.)

Opinion filed February 7, 1931.

*W. E. Holmes, Mark H. Adams* and *Charles B. Nutting*, all of Wichita, for the appellants.

*C. H. Brooks, Willard Brooks, Howard T. Fleeson* and *Howard T. Horrell*, all of Wichita, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action by a real-estate broker against other real-estate brokers for damages for listing for sale with him property which they had no authority from the owner so to list, which property plaintiff sold, or was the procuring cause of its being sold, the commission for which sale was paid by the owner to a broker with whom the owner had listed the property. A trial to a jury resulted in judgment for plaintiff. Defendants have appealed.

For the purposes of this opinion the facts shown by the record, tending to support the judgment, may be summarized as follows: Defendants, who officed together and used a common letterhead as "realtors" and "sales agents," listed with plaintiff three properties in Wichita owned by the Douglas-Rutan Building Company for sale at prices specified for each, with the suggestion that if plaintiff got an offer under the list price they would submit it and try to make a deal. Plaintiff showed one of the properties to a third broker who

had a client desiring such a property, and who ultimately bought it. He had other properties he could have shown this prospective purchaser had this property not been listed with him. When plaintiff went to inquire about his commission he learned, both from the owner of the property and from defendants, that defendants had no authority to list the property with him. He then brought this action, with the result as above stated.

The action is predicated upon a breach of implied warranty of authority. In 2 C. J. 803 it is said:

"A person who assumes to act as agent for another impliedly warrants that he has authority to do so; and if therefore he in fact lacks authority he renders himself personally liable on the warranty to one who deals with him in good faith in reliance thereon."

This is a well-recognized principle of the law of agency, and is supported by many authorities.

Appellants contend that there was no competent evidence that defendants were partners, or that they listed the property with plaintiff. Whether there was evidence to establish a partnership between defendants within the strict definition of that term is not very material, and the court so instructed the jury, which instruction was not complained of in the trial court. They were, at least with respect to this transaction, engaged in a joint enterprise. There is an abundance of evidence that both of the defendants listed the property with plaintiff—the defendant Miller by an oral listing—and also by a letter signed by Kenny, but obviously written on behalf of both of them. Appellants argue that the evidence was insufficient to show that plaintiff was the procuring cause of the sale. We need not detail this evidence. We have examined it and find it sufficient to go to the jury and to sustain the judgment.

Appellants argue that plaintiff could not recover from them because of his showing it to the third broker, who had the prospective client, and say that plaintiff's recovery should have been from him. This is not a suit for a commission, and if it were plaintiff obviously would fail, for the reason that he had no authority from the owner, or from anyone whom the owner had given such authority, to show the property to anyone. As above stated, his action is one for damages against the defendants for representing to him that they had authority to list the property with him when in fact they had no such authority. There is no lack of evidence in this case that

defendants had no authority to list this with plaintiff. They pleaded that fact in their answer and testified to it as witnesses.

Appellants, and specifically the appellant Miller, argue that the court erred in admitting the letter written by Kenny to plaintiff. The letter was clearly admissible as to Kenny, and inasmuch as Miller had made the parol contract of listing, the letter being on the common letterhead and referring to the property "we have listed with you," and other facts and circumstances showing the business association of defendants, made it competent as to both of them.

Appellants complain of the instructions of the court. No complaint of instructions was made in the court below, either at the time the instructions were given, or upon the hearing of the motion for a new trial. In addition to that there appears to be nothing seriously wrong with the instructions.

Appellants complain because the court did not grant a new trial on the ground of newly discovered evidence, which consisted of the affidavit of a witness not used at the trial. The lack of a showing of diligence was sufficient to justify the court in refusing a new trial.

Finding no error in the record, the judgment of the court below is affirmed.