No. 47,900

Mary B. Griffith, *Appellant*, v. Stout Remodeling, Inc., *Appellee*.

(548 P. 2d 1238)

Opinion filed April 10, 1976.

*Richard J. Rome,* of Hutchinson, argued the cause and was on the brief for the appellant.

*Robert C. Martindell,* of Martindell, Carey, Hunter and Dunn, of Hutchinson, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: This is an action for damages for breach of a contract to repair a roof. Defendant's motion to dismiss the proceeding was sustained and plaintiff has appealed. The principal issues involve application of the doctrine of election of remedies and *res judicata* where a litigant has alleged both negligence and breach of warranty in the same incident.

In April, 1969, a hailstorm in Hutchinson damaged the roof of the home of plaintiff Mary B. Griffith. Two days thereafter she entered into a written contract with defendant Stout Remodeling, Inc. whereby it agreed to put a new roof on plaintiff's home and in doing so to remove the old shingles from the roof prior to installation of the new one. Stout did the work on April 21, 1969, and on April 23, 1969, plaintiff paid the agreed price. Later plaintiff discovered that Stout had failed to remove the old shingles from the roof prior to installing the new one, with the result the roof leaked when heavy rain occurred and the interior structure of plaintiff's home as well as certain personal property in the house were damaged.

On December 20, 1972, plaintiff filed in the district court of Reno county a petition for damages against defendant Stout. The proceeding was docketed as case No. 20011. The petition recited the contract, that the old shingles were not removed in accordance with it, defendant did not do the job in a workman-like manner and as a result of the faulty workmanship the new roof leaked, causing plaintiff damage in the sum of $10,785.00. Defendant filed an answer denying its improper performance of the contract.

On December 13, 1973, the judge of division 2 of the trial court held a pretrial conference in the matter at which plaintiff says, and defendant agrees this is correct, she was required by the judge to elect under which of two theories she was proceeding—tort or breach of warranty in the contract. Plaintiff elected to proceed

upon tort and in the formal pretrial order the only issue of liability was stated to be: "Was the defendant negligent in tearing off the old roof and putting on the new roof?"

Defendant then served interrogatories on plaintiff which were answered by her and filed January 16, 1974. The two pertinent here are as follows:

"The Defendant submits to Plaintiff the following interrogatories to be answered under oath:

"1. On what date did you first notice that the roof on the residence began to leak when it rained as alleged in Paragraph 6 of your petition?

"ANSWER:

"Within three to four months after the repair job.

"2. On what date did you attempt to contact Defendant to repair the damaged roof as alleged in Paragraph 7 of your petition?

"ANSWER:

"As soon as I saw the plaster in my bedroom begin to crack from the dampness."

On January 22, 1974, defendant filed its motion for summary judgment on the ground plaintiff's claim was barred by the statute of limitations. The judge of division 2 agreed plaintiff's negligence action was barred by the two year statute of limitations (K. S. A. 60-513, as amended) and sustained the motion on February 8, 1974. Plaintiff promptly filed a motion for rehearing which was denied February 22, 1974. At one or perhaps both of these hearings plaintiff says she sought to amend the pretrial order so as to proceed on the contract theory. The record is not clear as to this but plaintiff's assertions are borne out in that in making its rulings the court concluded plaintiff had made an irrevocable election at pretrial conference to proceed only on the negligence theory and had thereby abandoned recovery on the contract theory in case No. 20011 but it commented it was not making any ruling as to plaintiff's right to file a new action on the theory of contract.

On March 15, 1974, plaintiff filed a new petition in the trial court, docketed as case No. 21017, in which she alleged the same contract and relied on breach of warranty for recovery of her damages for the defective roofing done by defendant. Defendant filed a motion to dismiss on the ground the summary judgment rendered in case No. 20011 became *res judicata* on all issues between the parties and further that by electing to proceed in tort in that action plaintiff made an irrevocable election whereby she precluded herself from further litigating the claim on a different theory. The judge of division No. 1, to whom case No. 21017 had been trans-

ferred, heard the matter and in a one sentence trial docket entry sustained the motion and dismissed the action. Plaintiff has appealed.

Plaintiff-appellant first complains, and correctly so, that the trial court improperly failed to state the reasons or grounds for its dismissal order. Our rule 116 (214 Kan. xxxvii) contemplates that a trial court shall, in all contested matters submitted to it for decision, in addition to stating the controlling facts required by K. S. A. 60-252, briefly state the legal principles controlling the decision (for discussion of application of this rule see *Brown v. Wichita State University, P. E. C., Inc.,* 217 Kan. 661, 664-665, 538 P. 2d 713). Compliance with rule 116 will be of benefit to everyone concerned.

In making the decisions in the first case the trial court relied on language found in *Mackey-Woodard, Inc. v. Citizens State Bank,* 197 Kan. 536, 419 P. 2d 847, in syllabus para. 5 and the corresponding portion of the opinion to the effect that the payee in a check which has been cashed on a forged endorsement has an election of remedies to proceed either in tort or in contract against the collecting bank and if the payee elects to waive its remedy for the conversion of the check and prosecutes the action to recover for the proceeds of the check as for money had and received, it is an irrevocable election whereby the payee is confined to the remedy which it thus elected to prosecute. Defendant-appellee urges this same language and the doctrine of election of remedies as expressed in our older cases in support of the rulings made in both cases.

The doctrine of election of remedies is an application of one phase of the law of estoppel which prevents one who comes into court, asserting or defending his rights, from taking and occupying inconsistent positions (*Taylor v. Robertson Petroleum Co.,* 156 Kan. 822, Syl. ¶ 4, 137 P. 2d 150, in which the essential elements of the doctrine are stated: [1] The existence of two or more remedies; [2] the inconsistency between such remedies; and [3] a choice of one of them). (pp. 826-827.) The purpose of the doctrine is not to prevent recourse to a particular remedy but to prevent double redress for a single wrong (25 Am. Jur. 2d, Election of Remedies, § 1, p. 647). In Kansas, at least before adoption in 1964 of our present code of civil procedure, we have consistently adhered to a strict rule on election of remedies to the effect that when the law gives several means of redress or relief predicated upon conflicting theories, the election of one of them operates as a bar against the subsequent adoption of the others (see *Berger v. State Farm Mu-*

*tual Automobile Insurance Co.,* 291 F. 2d 666, 668, [CA 10, 1961]). We have always held, however, that the doctrine has no application where under the facts the remedies asserted by a party are concurrent and consistent (*Pierce v. Melzer,* 199 Kan. 100, 427 P. 2d 632). The test of inconsistency of remedies is a factual and logical one. To make actions inconsistent one action must allege what the other denies, or the allegation in one must necessarily repudiate or be repugnant to the other (*Taylor v. Robertson Petroleum Co.,* supra, Syl. ¶ 5).

The common law rationale of pleading and joinder, vestiges of which were retained under our former civil procedural code, has been substantially modified by the enactment of the federal rules of civil procedure and their equivalent in Kansas. K. S. A. 60-208 now governs pleading while K. S. A. 60-218 (as amended) governs joinder of claims and remedies. They are to be read in conjunction with each other since their goals are complementary.

K. S. A. 60-208 provides in pertinent part:

"(*a*) *Claims for relief.* A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.

. . . . . . . . . . . . . . . .

"(*e*) *Pleading to be concise and direct; consistency.* (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

"(2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. . . . A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both. . . . [All statements made are subject to the good faith requirements of K. S. A. 60-211.]

"(*f*) *Construction of pleadings.* All pleadings shall be so construed as to do substantial justice."

K. S. A. 1975 Supp. 60-218 (*a*) provides:

"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join either as independent or as alternate claims as many claims, legal or equitable, as he has against an opposing party."

Under these rules consistency of claims is not important at the pleading stage, the practical effect of which is to diminish the doctrine of election of remedies as it was applied under our former procedural code. ". . . The spirit of the new rules would appear

to permit the pleader to shift the theory of his case as the facts develop so long as he has fairly informed his opponent of the transaction or 'aggregate of operative facts' involved in the litigation" (1 Vernon's K. S. A. Code of Civ. Proc. 60-208.2, p. 492). Our most recent pronouncement on the subject is found in *Weaver v. Frazee,* 219 Kan. 42, 547 P. 2d 1005, decided March 6, 1976, as follows:

"Under K. S. A. 60-208 (*e*) (2) a plaintiff may combine more than one cause of action, pleading in the alternative, regardless of consistency. He may allege or make contradictory or alternative statements until he finds out which theory, if any, the facts support, and is permitted to shift the theory as the facts develop." (Syl. ¶ 5.)

The result of the foregoing must be that the trial court in the initial action (case No. 20011) erred in requiring a pretrial election of remedies and in not permitting an amendment to the pretrial order; further, if the trial court in the instant action grounded its dismissal order on the theory appellant was precluded by her election in the first case from seeking recovery on the theory of contract, it similarly erred. Our pronouncement in *Mackey-Woodard, Inc. v. Citizens State Bank,* supra, in syllabus para. 5, was not applied in making the decision reached in that case nor did it take into account the impact of those provisos of our present procedural code already quoted—to that extent it must be disapproved as not reflecting our present law.

Appellant took no appeal from the orders made in case No. 20011 and the question remains as to their further effect in the present action. Both actions were bottomed on the same set of facts and if there was a final adjudication upon the merits in the first, the doctrine of *res judicata* generally would apply in the second (*Burris v. Burris,* 140 Kan. 208, 218-219, 34 P. 2d 127).

"A judgment is not on the merits if it represents a judicial decision upon some point other than the issues of law and fact which must be disposed of in order to determine whether the parties have good claims or defenses under the applicable substantive law" (James, Civil Procedure, § 11.17, p. 573). Beyond this there are principles in amelioration of the rigors of *res judicata* which may be applicable in special meritorious situations. No hard and fast rule can be laid down. In 46 Am. Jur. 2d, Judgments, § 402, the encyclopedist gives this summation:

"Justice and public policy.

"The doctrine of res judicata may be said to adhere in legal systems as a rule of justice. Hence, the position has been taken that the doctrine of res

judicata is to be applied in particular situations as fairness and justice require, and that it is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.

"The sound policy behind the doctrine is also to be considered in applying the doctrine. In this respect, application of the doctrine has been denied where the policies underlying the doctrine were not applicable to the peculiar facts involved, and where the circumstances presented a unique and non-recurrent situation." (p. 569.)

The doctrine expresses a policy designed to protect the defendant from harassment and the public from multiple litigation.

One exception which has been applied is stated in 46 Am. Jur. 2d, Judgments, § 498, as follows:

"The doctrine of res judicata is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available, or of the proper form of proceeding. In such situation, the plaintiff is entitled to bring the proper proceeding to enforce his cause of action. As stated by the American Law Institute, the rule is that where a judgment is rendered in favor of the defendant because the plaintiff seeks a form of remedy which is not available to him, the plaintiff is not precluded from subsequently maintaining an action in which he seeks an available remedy. Under these rules, it has been held that the mere institution of an action sounding in contract and the rendition of a judgment adverse to the plaintiff herein on the ground that the plaintiff had made no case ex contractu, but only one ex delicto, does not preclude a subsequent action sounding in tort." (pp. 654-655.)

Here appellant's petition in her first suit adequately apprized appellee of the facts upon which she was seeking damages. At pretrial conference she was compelled, improperly, to make an election as to which of two legal theories she was going to pursue. Unfortunately for her she misconceived her remedy and chose one not actually available to her by reason of the statute of limitations. Upon becoming aware of this situation she sought to amend her claim but was unsuccessful. It is true she could have appealed these rulings but at this point she had had no day in court upon the merits of the claim for relief stated in her petition—all that the judgment against her really adjudicated was that she had asserted her tort claim too late. Had her plea for amendment been granted there would have been but a single lawsuit between the parties involving her complaint. Appellee would not have been "harassed" by a second suit against it. However, we do not think this is the kind of harassment envisioned by the doctrine of *res judicata*. Appellant still has not had her day in court on the merits of her case. Under the fact situation presented here we do not think it appropri-

ate to apply the principle of *res judicata* in bar of the present action and we so hold.

The judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

APPROVED BY THE COURT.