(637 P.2d 452)
No. 52,351

HARRY and MARY WARE, *Appellants,* v. MEL CHRISTENBERRY and HERRMAN'S EXCAVATING, INC., *Appellees.*

Opinion filed December 10, 1981.

*Donna Dill, Allan A. Hazlett* and *Eric K. Johnson,* of Schroeder, Heeney, Groff & Hiebert, of Topeka, for appellants.

*Frank M. Rice,* of Jones, Schroer, Rice, Bryan & Lykins, Chartered, of Topeka, for appellee Mel Christenberry.

*William T. Nichols,* of Marshall, Hawks, Hendrix, Schenk & Nichols, of Topeka, for appellee Herrman's Excavating, Inc.

Before JUSTICE HOLMES, presiding, MEYER, J. and HARRY G. MILLER, District Judge Retired, assigned.

HOLMES, J.: Harry and Mary Ware, husband and wife, plaintiffs below, appeal from an order entered by the district court granting the defendants' motion for summary judgment.

In March of 1968, appellants contracted with appellee, Mel Christenberry, a general building contractor, for the construction of a house. During the summer of 1968 excavation was done, the foundation laid and the house built at 2226 DeSousa Court, Topeka, Kansas. The filling and excavation work was performed by a subcontractor, appellee Herrman's Excavating, Inc. Upon completion of the house and for over six years thereafter all went well. In the late summer of 1974 a crack developed in the living room wall and ceiling; however, the crack did not immediately alarm the Wares as they assumed it was attributable to normal settling of the house.

The Wares, in the late summer of 1974, hired a professional mudjacker, Roy V. Uhl and Company, Inc., to raise the footings of the house in an attempt to remedy the settling. The initial mud-jacking failed to alleviate the problem and cracks continued to develop, damaging more walls and ceilings, the brick sidewalk and steps, as well as the front entry tile.

Finally, in September of 1976, Mr. Uhl raised the entire foundation and did extensive excavation around the foundation to ascertain the cause of the problem. It was then discovered that appellees had poured the foundation over cavernous ground and that boulders had been backfilled against the footings during construction. This situation apparently could only be remedied by repeated mudjacking.

On March 23, 1977, appellants filed this action against Christenberry, the general contractor, and his subcontractor, Herrman's Excavating, Inc., alleging in Count I that the damage sustained to the property was the direct and proximate result of

the failure of the appellees to perform their contractual responsibilities in a workmanlike manner, and in Count II alleged that the negligence of each of the appellees was the proximate cause of the damage sustained to the appellants' property. Both counts were framed on the theory of breach of implied warranty. The Wares sought to recover the cost of the repeated mudjacking and repairs to the house necessitated by the extraordinary settling of the foundation and footings.

The appellees filed a motion for summary judgment averring that the contract action was barred by the statute of limitations; that appellants' petition failed to state a cause of action in tort; and that even if the appellants had a tort claim, it was also barred by the applicable statute of limitations. The district court ruled that appellants had no tort claim and that their contract claim was barred by K.S.A. 60-512. This appeal followed.

The first point on appeal is that the district court erred in holding appellants did not have a cause of action in tort and that the petition failed to state a claim based upon negligence. The issue of whether a cause of action based upon breach of an implied warranty sounds in contract or tort, or both, has been before the courts numerous times. The distinction may become important for several reasons including a determination of which statute of limitations applies, the measure of damages which may be recovered and whether the cause of action may be brought against the estate of a deceased person. The crucial point in the case now before the court is the application of the appropriate statute of limitations.

K.S.A. 60-512 provides, in part:

"The following actions shall be brought within three (3) years: (1) All actions upon contracts, obligations or liabilities expressed or implied but not in writing."

K.S.A. 60-513(*a*)(4) and (*b*) provide:

"(*a*) The following actions shall be brought within two (2) years:

. . . .

(4) An action for injury to the rights of another, not arising on contract, and not herein enumerated.

. . . .

(*b*) Except as provided in subsection (*c*) of this section, the cause of action in this action [section] shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascer-

tainable to the injured party, but in no event shall the period be extended more than ten (10) years beyond the time of the act giving rise to the cause of action."

An action sounding in contract for breach of an implied warranty is governed by K.S.A. 60-512 and the time begins to run with the breach of the contract regardless of whether the injured party is aware of the breach. *Ruthrauff, Administratrix v. Kensinger,* 214 Kan. 185, 192, 519 P.2d 661 (1974); *Freeto Construction Co. v. American Hoist & Derrick Co.,* 203 Kan. 741, Syl. ¶ 2, 457 P.2d 1 (1969); *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 507, 337 P.2d 986 (1959). On the other hand, an action in tort for negligence in the breach of an implied warranty is governed by K.S.A. 60-513 and the time does not begin to run against the cause of action until substantial damage has first occurred, or the fact of injury becomes reasonably ascertainable to the injured party. *Chavez, Executrix v. Saums,* 1 Kan. App. 2d 564, 571 P.2d 62, *rev. denied* 225 Kan. 843 (1977).

In holding that plaintiffs' petition stated only a cause of action in contract, the district court dealt with the negligence claim as follows:

"The petition goes on to allege negligence by Defendants. The tortious acts alleged by the Plaintiffs, however, are merely allegations of the manner in which Defendants breached the implied warranty of performance in a workmanlike manner. The duty breached, if at all, was that implied warranty duty, not an independent duty owed Plaintiff absent the contract. Therefore, because the petition does not state a cause of action in tort, this Court need not rule upon the running of the statute of limitation contained in K.S.A. 60-513."

Since implied warranty has traditionally created a cause of action in either tort or contract depending on the nature of the interests protected, the trial judge's statement that the petition does not state a cause of action in tort would appear to be in error.

The dilemma created when it becomes necessary to determine whether a cause of action for breach of implied warranty sounds in contract or tort, or both, has been before the courts for years. The decision to favor one over the other has been adversely commented upon by Dean William L. Prosser.

"Once the plaintiff has brought his action, and his complaint has been filed, two questions arise which are sometimes very difficult to determine. The first is whether he has in fact brought his suit in contract or in tort, which is a matter to be determined very largely from the language of his pleading. The second is whether, when inconsistent rules of law apply to the two actions, he will be permitted to make his own election as to the theory of his suit to take advantage of the more

favorable rule, or whether the court must itself decide that on the particular facts pleaded or proved the 'gist' or 'gravamen' of the action is one or the other.

. . . .

"[W]hen questions of the applicable rule of law arise, there are hundreds of cases in which the court has construed the plaintiff's complaint, and on the basis of the presence or absence of some particular allegation, or the emphasis found to have been given to it, have held that contract or tort is pleaded. There is probably no more barren and unrewarding group of decisions to be found in the law. They turn almost entirely upon the details of language, which of course vary from case to case; and almost the only clue to be found in them is that the prayer for relief will be looked to, and the amount of damages claimed will indicate whether the party is seeking the benefits of the contract or merely a recovery for his loss. It has been said indiscriminately that in doubtful cases contract or tort will be favored by way of construction. . . . There is little to be said for this forest of flat, stale and unprofitable cases, except that the court will nearly always try to find a theory which will sustain *some* cause of action. . . ." Prosser, Selected Topics on the Law of Torts, *The Borderland of Tort and Contract,* pp. 429-433 (1954).

We do not intend to dwell upon the history and development of the contract versus tort conflict but for those interested there is a multitude of reading available. See generally, Note, *The Effect of Statutes of Limitation on Implied Warranty Actions,* 5 Washburn L.J. 62 (1965); Morgan, *The Negligent Contract-Breaker,* 58 The Canadian Bar Review 299 (1980); Sullivan, *Innovation in the Law of Warranty: The Burden of Reform,* 32 Hastings L.J. 341 (1980); Note, *The Implied Warranty of Habitability - Contract or Tort?,* 31 Baylor L.Rev. 207 (1979).

Whatever may have been the law in the past, it now appears settled that in Kansas a person suffering damage from breach of an implied warranty may proceed upon either a contract or tort theory, or both, in initially framing his cause of action. In *Beams v. Werth,* 200 Kan. 532, Syl. ¶ 9, 438 P.2d 957 (1968), the Supreme Court held:

"Under K.S.A. 60-208(*e*)(2) a party may state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both."

In *Thompson v. Phillips Pipe Line Co.,* 200 Kan. 669, 672, 438 P.2d 146 (1968), the Supreme Court stated:

"Pursuant to K.S.A. 60-208(*a*), the plaintiff's petition must set forth 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and a 'demand for judgment for the relief to which he deems himself entitled.' Relief in the alternative, or of several different types may be demanded. *The pleader may allege or make contradictory or alternative statements until he finds out which theory, if any, the facts support, and is permitted to shift the theory as the facts develop.* " (Emphasis added.)

*Griffith v. Stout Remodeling, Inc.*, 219 Kan. 408, 548 P.2d 1238 (1976), involved an action for damages for breach of a contract to repair a roof. The plaintiff alleged both negligence and breach of warranty for the claimed defective installation of the roof. In *Griffith* the Supreme Court, in discussing the application of the doctrine of election of remedies under K.S.A. 60-208 and 60-218, stated:

"Under these rules consistency of claims is not important at the pleading stage, the practical effect of which is to diminish the doctrine of election of remedies as it was applied under our former procedural code. . . . The spirit of the new rules would appear to permit the pleader to shift the theory of his case as the facts develop so long as he has fairly informed his opponent of the transaction or "aggregate of operative facts" involved in the litigation' (1 Vernon's K.S.A. Code of Civ. Proc. 60-208.2, p. 492). Our most recent pronouncement on the subject is found in *Weaver v. Frazee*, 219 Kan. 42, 547 P.2d 1005, decided March 6, 1976, as follows:

'Under K.S.A. 60-208(*e*)(2) a plaintiff may combine more than one cause of action, pleading in the alternative, regardless of consistency. *He may allege or make contradictory or alternative statements until he finds out which theory, if any, the facts support, and is permitted to shift the theory as the facts develop.*' (Syl. ¶ 5.)" pp. 412-413. (Emphasis added.)

Thus it appears that in an action for breach of an implied warranty a party may plead and proceed upon the theories of both contract and tort until the facts have been developed and the case is ready to be submitted to the trier of the facts. We garner from the recent cases and the authorities that one seeking to recover for breach of an implied warranty must eventually elect a definite theory before final submission to the trier of the facts. To submit a given factual situation to a jury based upon both theories with possible different statutes of limitation, different measures of damages, different elements and burdens of proof, and other possible conflicting choices would not only be totally confusing to the jury but also unfair to the party against whom the damages are sought. Compounding the confusion created by submitting both theories to the trier of the facts would be the requirement that the negligence or tort theory is subject to K.S.A. 60-258a and the principles of comparative fault. See *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980).

We conclude that the district court was in error in granting summary judgment to the defendants upon the theory that plaintiffs' cause of action could not sound in tort.

Next, the appellees contend that even if plaintiffs had a cause of action in negligence it was still barred because the action was not commenced within two years as required by K.S.A. 60-513. The house in question was initially constructed in 1968. Appellants contend they first had knowledge of damage sufficient to start the running of the statute of limitations in 1976 when Mr. Uhl actually did the extensive excavation and verified the cause of the damage. Appellees, on the other hand, contend the appellants were first placed on notice when the first cracks appeared in 1974 and as this action was not filed until 1977, it would be barred. Where there is conflicting evidence as to when a cause of action is deemed to have accrued, the matter is an issue for determination by the trier of the facts. *George v. W-G Fertilizer, Inc.,* 205 Kan. 360, Syl. ¶ 4, 469 P.2d 459 (1970).

The judgment of the trial court is reversed and the case is remanded for further proceedings in accordance with the views expressed herein.