No. 55,764

MELVIN A. OLLER, *Plaintiff/Appellant*, v. KINCHELOE'S, INC., a
Kansas Corporation, *Defendant/Appellee*, v. ALLIS-CHALMERS
CORPORATION, *et al.*, *Third-Party Defendants/Appellees*.

(681 P.2d 630)

Opinion filed
April 27, 1984.

T. J. *Carney,* of Turner and Boisseau, Chartered, of Great Bend, argued the
cause, and *Casey R. Law,* of the same firm, was with him on the briefs for the
appellant.

*Robert Eisenhauer,* of Hampton, Hampton, Schmisseur & Eisenhauer, of Pratt,
argued the cause and was on the brief for appellee Kincheloe, Inc.

*Anne L. Baker,* of Eidson, Lewis, Porter & Haynes, of Topeka, argued the
cause, and *Dale L. Somers,* of the same firm, was with her on the brief for
appellee Allis-Chalmers Corporation.

The opinion of the court was delivered by

PRAGER, J.: This is an action brought by a custom cutter to
recover damages resulting from alleged defects in a new com-
bine/gleaner sold to the plaintiff by a Pratt County implement
dealer. The district court granted summary judgment in favor of
defendant and plaintiff has appealed.

For purposes of this appeal the facts are undisputed and

essentially are as follows: The plaintiff, Melvin A. Oller, a custom combine cutter, bought a new combine from defendant, Kincheloe's, Inc. The combine was delivered to the plaintiff in late May or early June of 1975. At the time of the purchase, plaintiff was given a written warranty from the manufacturer, Allis-Chalmers Corporation, which warranted new products sold by it to be merchantable and free of defects in workmanship and material from the time of shipment from the company's factory. The warranty further provided that the company would repair and replace any part of any of its new products which failed under normal use and service. The written express warranty limited the company's liability exclusively to repairing and replacing parts under the conditions stated therein.

Plaintiff immediately began to have problems with the combine. Plaintiff complained that the combine never did start properly and did not glean the grain properly. The machine apparently did not have sufficient power to perform effectively. The combine was nonoperational for a total of 52 days between September 13, 1975, and October 15, 1976. Kincheloe attempted to correct the problems in October and November of 1975. In October 1976, Kincheloe again worked on the combine. It replaced numerous parts and took corrective measures in an attempt to improve its operation. According to the plaintiff, he took the machine only to Kincheloe for repairs. He was repeatedly told by Kincheloe that the machine would be repaired but it was not done satisfactorily. In October 1977, plaintiff apparently gave up and finally sold the combine to an equipment company in return for its assumption of his remaining debt on the combine. It was plaintiff's position that, as a result of defects in the combine and the defendant's failure to repair it properly, he had suffered damages in the form of repair bills, telephone bills, lost use, and lost employment and cutting contracts.

Because of the nature of the trial court's judgment in this case, it is necessary to review the procedural aspects of the case. Plaintiff filed his petition in the district court of Pratt County on October 17, 1977. The petition alleged in part as follows:

"4. That on or about January of 1975, defendant contracted to sell and plaintiff contracted to purchase an Allis-Chalmers combine/gleaner for the purchase price of $34,000.00.

"5. That at the time of said purchase, defendant provided to plaintiff xerox copy of a page denoted as 'WARRANTY' regarding said purchase, a copy of which is attached hereto as 'Exhibit A'.

"6. That said act on the part of defendant denoted material affirmation as to fact upon which the plaintiff relied and which formed the basis of the bargain.

"7. *That said 'WARRANTY' warranted new products sold to be merchantable and free of defects, workmanship and material* at the time of shipment from the company's factory. Further, that the company would repair, or at its option replace, any of its new products which under normal use and service fails to conform to this 'WARRANTY' provided that said part shall be returned to the company's factory or to the company's dealer authorized to handle the new product, transportation charges prepaid, within twelve months . . . from the date of delivery of such new product by its first user.

. . . .

"9. That with respect to the combine/gleaner aforementioned, *delivery to the plaintiff was made in late May or early June of 1975.*

"10. *That said combine/gleaner was defective in that it was not merchantable and free of defects as stated in the aforementioned 'WARRANTY'.*

"11. That defendant is a 'dealer authorized to handle said product' within the meaning of said 'WARRANTY'.

"12. That defendant failed to properly repair and/or replace as provided in the 'WARRANTY' the defective combine/gleaner.

"13. *That defendant was negligent in its repair of said combine/gleaner.*

"14. That defendant's actions in failing to properly repair and/or replace said combine/gleaner and/or negligently repairing said combine/gleaner, was a direct and material breach of the aforementioned 'WARRANTY'.

"15. That as a result thereof, plaintiff has suffered damages in repair bills, telephone bills, lost use, lost employment, and has lost the benefit of the bargain which plaintiff made with defendant in the purchase of *said combine/gleaner.*

"16. That further, defendant has failed to abide by the terms of said 'WARRANTY' which has also directly and proximately resulted in damage to this plaintiff." (Emphasis supplied.)

The express warranty attached to plaintiff's petition stated as follows:

"ALLIS-CHALMERS CORPORATION . . . warrants new products sold by it to be merchantable and free of defects in workmanship and material at the time of shipment from the Company's factory. THERE ARE NO WARRANTIES WHICH EXTEND BEYOND THOSE EXPRESSLY STATED HEREIN."

The warranty then stated that the company will repair or replace any part of its new products which under normal use and service fails to conform to this warranty. The warranty period was twelve months except for engines sold as power units where the period was set at six months. The company's liability, whether in contract or in tort arising out of warranties, representations, instructions, or defects from any cause, was limited exclusively to repairing and replacing parts under the conditions as stated.

Defendant Kincheloe filed an answer and counterclaim to

plaintiff's petition on December 7, 1977. It generally denied the essential allegations of plaintiff's petition and set forth certain affirmative defenses. The answer alleged that all repairs made by defendant on plaintiff's combine were done in a competent, skillful and workmanlike manner; that plaintiff's combine was merchantable and free of defects, in workmanship and material, at the time of delivery to the plaintiff; and that the defendant has complied with and abided by the terms of *any and all warranties* which relate to plaintiff's combine. Kincheloe's counterclaim sought to recover $2500 for the cost of repairing the combine. It is important to note that the answer specifically alleged that the combine was merchantable and free of defects and that defendant had complied with the terms of *any and all warranties* relating to the combine. Plaintiff filed a reply to the answer and counterclaim of defendant on December 12, 1977, in which plaintiff alleged that defendant failed to provide in a good and workmanlike manner the parts and services requested, and that the defendant failed to properly repair the combine. These various pleadings were never amended by the parties while the action was pending.

On March 21, 1978, defendant Kincheloe filed a third-party petition against Allis-Chalmers Corporation. In substance, the third-party petition alleged that, if there is adjudged to be *any* breach of warranty regarding plaintiff's Allis-Chalmers combine, any such breach is not a breach by defendant as retail seller of said combine, but is a breach by Allis-Chalmers, as the manufacturer of the product. In paragraph 5 of the third-party petition, defendant alleged that, should plaintiff recover on his claim against defendant, defendant is entitled to recover from the third-party defendant all of what plaintiff may recover from the defendant, because if there was any breach of warranty, as alleged by plaintiff, any such breach was a breach of the *express and implied warranties* of the third-party defendant, the manufacturer, Allis-Chalmers. It is important to note that the third-party petition of defendant not only refers to the express warranties but also to a breach of implied warranties. On June 7, 1978, Allis-Chalmers filed its answer to Kincheloe's third-party petition. This pleading denied generally the allegations of the third-party petition and pleaded all affirmative defenses, including the statute of limitations, which upon completion of full discovery are applicable.

On July 11, 1979, defendant Kincheloe served interrogatories on the plaintiff. The pertinent interrogatories and answers submitted by the plaintiff are as follows:

"3. Upon what specific grounds do you base your alleged cause of action herein against the defendant, Kincheloe's, Inc.?
"ANSWER:
> Loss of time—the combine never did start properly. The machine did not have sufficient power to perform effectively. *Negligent repair, breach of warranty.*

. . . .

"5. What express warranty or warranties, if any, do you contend were made to you by the defendant, Kincheloe's, Inc. with respect to the Allis-Chalmers combine/gleaner?
"ANSWER:
> Warranted for one year

. . . .

"7. What *implied warranties*, if any, do you contend were made to you by the defendant, Kincheloe's, Inc. with respect to the Allis-Chalmers combine/gleaner in question?
"ANSWER:
> Merchantability
> Fitness for Particular Purpose

. . . .

"12. What specifically do you contend were the breaches by the defendant, Kincheloe's, Inc. of the implied warranties alleged by you to have been given by it?
"ANSWER:
> Machine was not fit for ordinary purpose or for particular purpose, not merchantable.

. . . .

"14. If you rely upon negligence as a basis for your alleged cause of action herein and contend that the defendant, Kincheloe's, Inc. was negligent, please state specifically and in detail the act or acts of negligence which you contend were committed by the defendant, Kincheloe's, Inc.
"ANSWER:
> No compression test were done until the fourth time they attempted to repair the machine. Expected Kincheloe's to be able to put the machine in top condition. Told repeatedly it would be repaired, but it was not. Oil cooler leaked from time combine was purchased with Plaintiff charged for repairs."

From the above interrogatories, it is obvious that plaintiff's claim against defendant Kincheloe was based not only on a theory of breach of an express warranty but also on a theory of breach of implied warranty and also negligence.

In November of 1980, Allis-Chalmers moved to dismiss Kin-

cheloe's third-party petition on the grounds that, under *Kennedy v. City of Sawyer*, 228 Kan. 439, 618 P.2d 788 (1980), the principles of indemnity were no longer applicable to situations like that in this case and that instead comparative negligence applied. In December 1981, the court denied Allis-Chalmers' motion to dismiss on the basis that plaintiff's claim against Kincheloe sounded only in express warranty and, therefore, comparative negligence was not applicable. On January 4, 1982, Allis-Chalmers filed a motion for summary judgment on Kincheloe's third-party petition. On March 9, 1982, Kincheloe filed its own motion for summary judgment against the plaintiff's petition. Both motions were based upon similar grounds. Essentially, both Allis-Chalmers and Kincheloe argued that (1) the plaintiff's only claim rested on express warranty, and (2) the terms of the express warranty limited the plaintiff's remedies to repairing and replacing parts. Simply stated, it was the position of both Allis-Chalmers and Kincheloe that the plaintiff's petition asserted a claim based only on the theory of express warranty and that the language contained in the petition was not sufficient for plaintiff to assert a claim and rely on the theories of implied warranty and negligence. Plaintiff pointed out to the court that he had asserted his claim of negligence in his petition and that a claim of negligent repair is also sufficient under Kansas law to put defendant on notice that a breach of contract may exist. Plaintiff also argued to the court that his answers to interrogatories filed in July 1979, specifically stated that plaintiff relied on negligence and also breach of the implied warranties of merchantability and fitness for a particular purpose. These motions were taken under advisement by the court.

On April 8, 1983, approximately one year after the motions for summary judgment were argued, the trial court issued its memorandum decision granting both motions. In its conclusions, the court found that the case was originally filed as an express warranty case and that, under the allegations of the petition, plaintiff could not rely on the theories of implied warranty or negligence. The court stated that even if the court were to determine that the theory of implied warranty was applicable, the statute of limitations had long expired for the making of such a claim. Having been summarily thrown out of court, plaintiff filed a timely appeal to the appellate courts.

The primary point raised by plaintiff on the appeal is that the allegations of his petition were sufficient to raise claims based on the theory of breach of the implied warranty of merchantability and also on negligence. Hence, plaintiff maintains that the trial court erred in granting summary judgment in favor of defendant on the basis that breach of implied warranty and negligence were not properly raised in his petition. We have concluded that the plaintiff's position has merit, and that, under the basic concepts of pleading under the Kansas Code of Civil Procedure, the plaintiff was entitled to proceed in the action on the theory of both breach of implied warranty and negligence. In arriving at this conclusion, we have considered various sections of the Kansas Code of Civil Procedure and the Kansas decisions interpreting the same.

K.S.A. 60-208(a) provides:

"A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which the pleader deems himself or herself entitled."

K.S.A. 60-208(e)(1) declares:

"Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required."

Subsection (e)(2) states that a party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses; and, further, that a party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal or on equitable grounds or on both. K.S.A. 60-208(f) declares that "[a]ll pleadings shall be so construed as to do substantial justice." Since the effective date of the Kansas Code of Civil Procedure on January 1, 1964, a host of Kansas decisions have interpreted the provisions of K.S.A. 60-208 to provide for a liberal construction of the pleadings with the emphasis on substance rather than form.

The following general principles have been established down through the years:

(1) The need for technical pleading has vanished. We now require only a bare-bones pleading which outlines the nature of the claim. Since discovery in its broadest scope is available under the code of civil procedure, there is no need for technical

pleadings. *Atlas Industries, Inc. v. National Cash Register Co.,* 216 Kan. 213, 222, 531 P.2d 41 (1975); 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-208, p. 38 (1979).

(2) A petition which alleges a claim for relief upon any theory is sufficient to withstand a motion to dismiss lodged against it. In considering such a motion, dismissal should not be ordered merely because plaintiff's allegations do not support the legal theory upon which he intends to proceed, since the court is under a duty to examine the petition to determine whether its allegations state a claim for relief on any possible theory. *Monroe v. Darr,* 214 Kan. 426, Syl. ¶ 3, 520 P.2d 1197 (1974).

(3) It is not necessary to spell out a legal theory of relief so long as an opponent is apprised of the facts that entitle plaintiff to relief. *Dutoit v. Board of Johnson County Comm'rs,* 233 Kan. 995, 998, 667 P.2d 879 (1983); *Febert v. Upland Mutual Ins. Co.,* 222 Kan. 197, 199, 563 P.2d 467 (1977); *Knight v. Neodesha Police Dept.,* 5 Kan. App. 2d 472, Syl. ¶ 4, 620 P.2d 837 (1980).

(4) Under the Kansas Code of Civil Procedure, there is no requirement that pleadings state facts sufficient to constitute a cause of action. *Rinsley v. Frydman,* 221 Kan. 297, 301, 559 P.2d 334 (1977).

(5) The spirit of our present rules of civil procedure permits a pleader to shift the theory of his case as the facts develop so long as he has fairly informed his opponent of the transaction or the aggregate of the operative facts involved in the litigation. *Griffith v. Stout Remodeling, Inc.,* 219 Kan. 408, Syl. ¶ 3, 548 P.2d 1238 (1976).

(6) Under K.S.A. 60-208, the pleader may allege or make contradictory or alternative statements until he finds out which theory, if any, the facts support, and is permitted to shift the theory as the facts develop. *Weaver v. Frazee,* 219 Kan. 42, Syl. ¶ 5, 547 P.2d 1005 (1976). In an action for breach of implied warranty, a party may plead and proceed upon the theories of both contract and tort until the facts have been developed and the case is ready to be submitted to the trier of the facts. One seeking to recover for breach of an implied warranty must eventually elect a definite theory before final submission to the trier of the the facts. *Ware v. Christenberry,* 7 Kan. App. 2d 1, 637 P.2d 452 (1981).

(7) Where negligence on the part of a contractor results in a

breach of implied warranty, an action accrues in both tort and contract and the contractee may proceed on either or both theories, *although his pleading need not state whether his action is based on tort or in contract. McFeeters v. Renollet,* 210 Kan. 158, Syl. ¶ 3, 500 P.2d 47 (1972); *Gilley v. Farmer,* 207 Kan. 536, Syl. ¶ 4, 485 P.2d 1284 (1971); *Crabb v. Swindler, Administratrix,* 184 Kan. 501, 505, 337 P.2d 986 (1959).

(8) Where a statute provides a claim for relief, it is not necessary to plead the statute where the facts alleged are sufficient to bring the case within it. *Monroe v. Darr,* 214 Kan. 426; *Collier v. Operating Engineers Local Union No. 101,* 228 Kan. 52, 62, 612 P.2d 150 (1980).

(9) In considering a motion for summary judgment under K.S.A. 60-256, pleadings are to be liberally construed in favor of the party opposing the motion. *Voth v. Chrysler Motor Corporation,* 218 Kan. 644, Syl. ¶ 1, 545 P.2d 371 (1976).

(10) The Kansas Code of Civil Procedure contemplates utilization of the rules for discovery and a pretrial conference to formulate the ultimate issues of both fact and law to be determined in the case. See K.S.A. 60-216 and Supreme Court Rule No. 140 (232 Kan. cxlviii). Under the Kansas procedure, a pretrial order made pursuant to K.S.A. 60-216 supersedes the pleadings and controls the subsequent course of an action unless modified by the court to prevent manifest injustice. A pretrial order which specifies the issues to be tried supersedes and replaces the pleadings. *Herrell v. Maddux,* 217 Kan. 192, 535 P.2d 935 (1975).

(11) Interrogatories under K.S.A. 60-233 may be of better service than definiteness and certainty in pleadings, as, unlike pleadings, answers to interrogatories must be made under oath and the answers may be used at the trial by the interrogating party, subject to the rules of evidence. One purpose of this rule is to curtail the necessity of motions to make definite and certain. (See Advisory Committee Notes under K.S.A. 60-233, 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-233, p. 202). Interrogatories that call for an opinion or contention that relates to the application of law to the facts (K.S.A. 60-233[*b*]) can be most helpful in narrowing and sharpening the issues, which is an important part of discovery. 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-233, p. 203.

Since Kansas adopted its code of civil procedure in 1964, the

requirement that a plaintiff must plead a cause of action and a definite theory is no longer recognized in this state. As noted by Judge Wisdom in *Thompson v. Allstate Insurance Company*, 476 F.2d 746, 749 (5th Cir. 1973), "Ancestor worship in the form of ritualistic pleadings has no more disciples. The time when the slip of a sergeant's quill pen could spell death for a plaintiff's cause of action is past. Under the Federal Rules of Civil Procedure, a complaint is not an anagramatic exercise in which the pleader must find just exactly the prescribed combination of words and phrases."

When we turn to the allegations of plaintiff's petition and his answers to the interrogatories submitted to him by defendant, it is clear that the trial court was overly technical and in error in sustaining defendant Kincheloe's motion for summary judgment on the grounds that plaintiff's claim was based solely on express warranty, and, therefore, plaintiff could not proceed on the theories of breach of implied warranty and negligence. In his original petition plaintiff made it clear that his controversy with Kincheloe was over an allegedly defective combine which plaintiff purchased from Kincheloe. Although in his petition plaintiff referred to the written warranty attached to the contract of purchase, in paragraph 10 of his petition plaintiff alleged that the combine was defective in that it was not merchantable and free of defects and further, in paragraph 13, that defendant was negligent in its repair of the combine. In its answer, Kincheloe alleged as an affirmative defense that the repairs made by defendant were done in a competent, skillful and workmanlike manner and that the combine was merchantable and free of defects, and that defendant had complied with and abided by the terms of *any and all warranties* which relate to plaintiff's combine. It further must be noted that, in its third-party petition, Kincheloe alleged that if plaintiff should recover on his claim against Kincheloe it was entitled to recover from Allis-Chalmers any damages, because, if there was any breach of warranty, as alleged by plaintiff, any such breach was a breach of the *express and implied warranties* of Allis-Chalmers as the manufacturer.

If there was any question in defendant's mind whether plaintiff was relying, at least in part, on a breach of both implied and express warranties, such question should have been put to rest by the answers of plaintiff to defendant's interrogatories which

are set forth above. It is clear from these answers to interrogatories that plaintiff was not relying exclusively upon express warranty but also upon breach of the implied warranties of merchantability and fitness for a specific purpose and also on a theory of negligence. We have no hesitancy whatsoever in holding that the allegations of the plaintiff's petition were sufficient to raise issues of breach of implied warranties and of negligence and that the trial court erred in granting defendant Kincheloe's motion for summary judgment.

We also hold as erroneous the trial court's conclusion that, assuming the theory of implied warranty was applicable, it was barred by the statute of limitations. The combine was delivered to plaintiff in May or early June of 1975. It first broke down in September of 1975. Plaintiff filed this action in October of 1977, well within the period of the statute of limitations. Hence, plaintiff's action based on breach of implied warranty was timely filed.

The plaintiff's second point on the appeal is that the trial court abused its discretion in ruling that plaintiff would not be allowed to amend his petition to add claims based on implied warranty and negligence. No amendment of the petition was required. In view of our disposition of the case on the first point, it is not necessary to consider other points raised by plaintiff on the appeal.

For the reasons set forth in the opinion, the judgment of the district court entering summary judgment in favor of defendant Kincheloe is reversed. The case is remanded to the district court with directions to proceed with the case in accordance with the Kansas Code of Civil Procedure and the pertinent Rules of the Kansas Supreme Court.

SCHROEDER, C.J., not participating.