**FARM CREDIT BANK OF WICHITA, et al., Plaintiffs,**

v.

**FCB LIMITED PARTNERSHIP, et al., Defendants.**

Civ. A. No. 90–1459–MLB.

United States District Court, D. Kansas.

April 2, 1993.

John T. Conlee, Fleeson, Gooing, Coulson & Kitch, Wichita, KS, for plaintiffs.

Calvin L. Wiebe, Wichita, KS, for FCB Ltd. Partnership.

Dennis L. Gillen, Jack S. McInteer, Depew, Gillen & Rathbun, Wichita, KS, for Paul Thomas Mann, Omega Development Corp., Omega Investments, Inc.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion for summary judgment of defendants Paul Thomas Mann, Omega Development Corporation, and Omega Investments, Inc. Defendants claim that plaintiffs' cause of action is barred by the statute of limitations.

### I. Background [1]

This diversity action arises from a December 1986 agreement ("the Agreement") under which plaintiff Farm Credit Bank ("Farm Credit") agreed to loan funds to defendant FCB Limited Partnership ("FCB"). The purpose of the loan was to finance the purchase of real property ("the Project"). Pursuant to the loan agreement, Farm Credit and FCB also executed a lease agreement, whereby Farm Credit, as the tenant, obtained a leasehold estate in the Project from FCB, as the owner and landlord.

In late 1987, early 1988, Farm Credit and FCB entered into negotiations with a third-party interested in subleasing approximately

50,000 square feet of the Project. Defendants Omega Development Corporation and/or Omega Investments, Inc. (collectively "Omega") allegedly represented FCB and acted as its agent throughout the negotiations for this sublease. Plaintiffs also allege that P. Thomas Mann, President of Omega, participated in the sublease negotiations on behalf of Omega.

By letter dated January 4, 1988, Mann wrote to Farm Credit proposing certain terms relevant to the sublease negotiations. Mann explained the purpose of his proposed terms: "In order to make the transaction with the [third-party] more viable to [Farm Credit], it is necessary for [FCB] to make a concession to make the lease more attractive to [Farm Credit]." (Exh. "A" to Defendants' Brief in Support, Doc. 91). The "concession" that Mann proposed was an amendment to the "Borrower Escrow Fund" provision of the December 1986 Agreement. Mann closed the letter by stating: "If the foregoing meets with your understanding and agreement, please indicate by signing below." The letter provides a space for the signature of Farm Credit, and was signed on January 13, 1988 by Dennis D. Nichols on behalf of Farm Credit.

Subsequent to the execution of the January 1988 letter agreement, Farm Credit learned that FCB had not authorized and would not ratify the agreement. Plaintiffs filed suit against FCB on September 12, 1990, and by amended complaint, filed suit against Mann and Omega on August 27, 1991.

### II. Argument

Plaintiffs seek recovery against Mann and Omega for breach of their implied warranty of authority to contract on behalf of FCB. Such an action is recognized in Kansas:

"A person who assumes to act as agent for another impliedly warrants that he has authority to do so; and if therefore he in fact lacks authority he renders himself personally liable on the warranty to one

1. The parties' statements of facts have provided the court with scant background into the nature of this dispute. For this reason, the court relies on the allegations contained in the amended complaint. (Doc. 61).

who deals with him in good faith in reliance thereon."

*Hewey v. Miller*, 132 Kan. 289, 290, 295 P. 723 (1931) (quoting 2 C.J. 803).[2] Plaintiffs also seek recovery against defendants for intentional or negligent misrepresentation of authority.

Defendants Mann and Omega move for summary judgment on the grounds that plaintiffs' claims are barred by the statute of limitations. According to defendants, plaintiffs' cause of action for breach of implied warranty of authority sounds in contract and accrued on January 4, 1988—the date on which Mann signed the letter agreement. Because plaintiff did not file suit within three years of this date, as required under K.S.A. § 60–512(1), defendants contend that this claim is barred.

■ The Restatement (Second) of Agency § 329 comment k (1958) states that a cause of action against an agent for breach of his implied warranty of authority "accrues when the third person learns that the agent does not have authority, or when he suffers damage or fails to gain the anticipated benefits, whichever occurs first". In Kansas, however, a discovery rule of accrual applies only to tort actions. *See* K.S.A. § 60–513(b). If the cause of action sounds in contract, the date of the breach determines the time of accrual, *Voth v. Chrysler Motor Corp.*, 218 Kan. 644, 651, 545 P.2d 371 (1976), and the plaintiff's knowledge of the breach or any injury caused thereby is irrelevant. *Pizel v. Zuspann*, 247 Kan. 54, 74, 795 P.2d 42, *modified on other grounds*, 247 Kan. 699, 803 P.2d 205 (1990).

Plaintiffs contend that their action for breach of implied warranty of authority may sound in either tort or contract.

■ Kansas recognizes that an action for breach of implied warranty may sound in either tort or contract, and the plaintiff may proceed on either. *See Oller v. Kincheloe's,*

*Inc.*, 235 Kan. 440, 447–48, 681 P.2d 630 (1984) ("Where negligence on the part of a contractor results in a breach of implied warranty, an action accrues in both tort and contract and the contractee may proceed on either or both theories...."); *Ware v. Christenberry*, 7 Kan.App.2d 1, 5, 637 P.2d 452 (1981) (breach of implied warranty against contractor for failure to perform contract in workmanlike manner); *Dowling v. Southwestern Porcelain, Inc.*, 237 Kan. 536, 539–41, 701 P.2d 954 (1985) (breach of implied warranty in defendant's manufacture, sale, and installation of defective silo); *cf. Kennedy v. City of Sawyer*, 228 Kan. 439, 451, 618 P.2d 788 (1980) (breach of implied warranty in products liability action is more akin to action in tort). Only at the time when the case is submitted to the jury must the plaintiff elect between the two theories. *Ware*, 7 Kan.App.2d at 6, 637 P.2d 452.

■ Plaintiffs' action for breach of implied warranty of authority may properly be characterized as sounding in tort. "A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement. A tort, on the other hand, is a violation of a duty imposed by law, a wrong independent of contract." *Malone v. University of Kansas Med. Center*, 220 Kan. 371, 374, 552 P.2d 885 (1976). *See also Brueck v. Krings*, 230 Kan. 466, 469–70, 638 P.2d 904 (1982); *Murphy v. City of Topeka*, 6 Kan.App.2d 488, 492–93, 630 P.2d 186 (1981). Every person purporting to act for a principal has a duty toward third parties to refrain from making contracts the authority for which has not been granted by the principal. This duty does not depend on the existence of a contract; it may arise under the common law. *See Russell v. American Rock Crusher Co.*, 181 Kan. 891, 895, 317 P.2d 847 (1957) (agent's liability for the torts he commits does not derive from the contractual relationship between the principal and agent, but

**2.** As the court construes plaintiffs' theory, plaintiffs do not seek recovery on the underlying contract itself, but on the breach of defendants' independent implied warranty that they possessed authority to bind their principal to the terms of the letter agreement. "The view generally followed is that the liability of an agent to a third person on a contract rests upon the theory

or ground that he warrants his authority, and not that the contract is deemed to be his own." 3 Am.Jur.2d *Agency* § 304 (1986). *Cf. State ex rel. Carlton v. Triplett*, 213 Kan. 381, 384, 517 P.2d 136 (1973) (agent who contracts on behalf of undisclosed principal liable on the contract); *Bruce v. Smith*, 204 Kan. 473, 464 P.2d 224, syl. ¶ 2 (1970) (same).

from the common law obligation of every person to act or use that which he controls so as not to injure another); *Kirk v. H.G.P. Corp.*, 208 Kan. 777, 779, 494 P.2d 1087 (1972).

■ Thus, the court concludes that plaintiffs' claim for breach of implied warranty of authority may be considered to sound in tort. Accordingly, as to this theory of recovery, plaintiffs may rely on the discovery rule of the two year statute of limitations for tort actions.[3] *See* K.S.A. § 60–513(b).

Notwithstanding the applicability of the discovery rule, defendants also contend that Farm Credit knew at least by August 8, 1989, and at latest by August 25, 1989, that FCB was challenging the authority of Mann and Omega to enter into the letter agreement.[4] Because plaintiff did not file their amended complaint against Mann and Omega until August 27, 1991, defendants contend that the claim is barred even under the discovery rule for tort actions.

Plaintiffs counter with the argument that their action should be deemed filed on July 22, 1991—the date on which they filed their motion for leave to add Mann and Omega.

■ The requirements imposed by state statutes generally define when a diversity action is deemed filed. *See Wandrey v. Service Business Forms, Inc.*, 762 F.Supp. 299, 304–05 (D.Kan.1991) (diversity action is timely filed only if plaintiff complies with Kansas service of process rules). For purposes of the statute of limitations, an amended complaint that adds new parties to a diversity

action may deemed filed on the date the motion to amend is filed, rather than on the date that the plaintiff actually files the complaint after receiving leave of the court to file. *Wallace v. Sherwin Williams Co.*, 720 F.Supp. 158 (D.Kan.1988); *Chaddock v. Johns–Manville Sales Corp.*, 577 F.Supp. 937, 939–40 (S.D.Ohio 1984).

Plaintiffs filed their original action on September 12, 1990, seeking declaratory relief only against FCB.[5] On July 22, 1991, plaintiffs filed their motion to add defendants Mann and Omega (Doc. 48). On August 2, 1991, plaintiff Farm Credit filed a motion seeking leave to supplement its complaint to add an additional party plaintiff. (Doc. 51). Attached to this motion was plaintiffs' proposed complaint, in which defendants Mann and Omega are named. On August 5, 1991, counsel for Mann and Omega acknowledged receipt of plaintiffs' motion to add them as defendants. By order dated August 5, 1991 and filed August 7, 1991, the court granted plaintiffs leave to file their amended complaint "adding Omega Development Corporation, Omega Investments, Inc. and P. Thomas Mann as new party defendants in this case,...." (Doc. 54). On August 27, 1991, plaintiffs filed their amended and supplemental complaint, naming, for the first time, defendants Mann and Omega. (Doc. 61).

■ Under these facts, the court deems plaintiffs' complaint to have been effectively filed on the date that plaintiffs filed their motion for leave to add defendants: July 22, 1991. Thus, even accepting the August 1989 dates argued by defendants, plaintiffs com-

---

3. Even if the court were to assume that plaintiffs' action could only sound in contract, it is unclear whether a contract action for breach of an agent's implied warranty of authority necessarily accrues on the date that the agent purports to contract on behalf of his principal. It has been stated that an agent's implied warranty of authority is of a continuing nature, and that the warranty continues to run at least until the third party learns of the agent's lack of authority. *Schafter v. Fraser*, 206 Or. 446, 290 P.2d 190, 207–08 (1955). *Cf. Wolf v. Preferred Risk Life Ins. Co.*, 728 F.2d 1304 (10th Cir.1984) (under Kansas law, fraud action against insurance company for misrepresentations by insurance agent did not accrue until company denied liability for its agent's representations). This view of the warranty also accounts for the Restatement rule

that the action "accrues when the third person learns that the agent does not have authority, or when he suffers damage or fails to gain the anticipated benefits, whichever occurs first." Restatement (Second) of Agency § 329 comment k (1958). Thus, even applying the Kansas rule that an action for breach of contract accrues at the time of the breach, the time of the breach of this implied contract may coincide with plaintiff's discovery of Mann's lack of authority.

4. Plaintiffs dispute these dates, and contend that FCB did repudiate the actions of its agent until May 1990.

5. By stipulation of the parties, the court dismissed these claims on January 5, 1993.

plaint was effectively filed within two years of even the earliest date submitted by defendants. Plaintiffs'.tort actions are timely as a matter of law.

Accordingly, the court denies the motion (Doc. 90) of defendants Paul Thomas Mann, Omega Development Corporation, and Omega Investments, Inc. for summary judgment.

**IT IS SO ORDERED.**