940 F.2d 671
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
In re Robert Eugene LACY and Jane (nmn) Lacy, Debtors.
H. Hurst COFFMAN, Trustee of the Thomas P. Blackburn, and
Ruth Z. Blackburn Trust, Plaintiff-Appellant,
v.
Robert E. LACY and Jane (nmn) Lacy, Defendants-Appellees.
 No. 90-3195.
 United States Court of Appeals, Tenth Circuit.
 Aug. 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 On October 27, 1979, debtor Robert E. Lacy purchased real estate on contract from the Blackburns (sellers) as trustees. On May 2, 1983, sellers gave the debtors notice of default for failure to make contract payments and failure to pay 1982 and 1983 taxes and special assessments. On May 11, 1983, sellers sued in state court seeking return of the real estate and cancellation of the contract or, in the alternative, judgment for the full contract price.
 
 
 2
 On May 19, 1983, debtors filed chapter 11 bankruptcy. Sellers sought relief from the automatic stay to pursue state law remedies or to cancel the contract. See I R. doc. 3, pleading no. 1.[1] Subsequently, the parties negotiated and reached an agreement which culminated in the bankruptcy court entering an order allowing the debtors "to abandon any right, title, and interest which they may have had" in the real estate. Id. pleading no. 6. Sellers accepted the property, sold it, and then filed an amended proof of claim seeking to recover a deficiency between the sales price and the contract price, as well as taxes paid for 1982 and 1983 and special assessments. Relying upon sellers' apparent election to cancel the contract and their subsequent acceptance of the property, the bankruptcy court disallowed the claim insofar as the deficiency, but allowed it insofar as the amount of taxes and special assessments. Id. pleading nos. 17 & 22. The bankruptcy court reasoned that 1982 taxes were nondischargeable under 11 U.S.C. Sec. 523(a)(1)(A) and that 1983 taxes should be allowed as an administrative expense under 11 U.S.C. Sec. 503(b). Id. pleading no. 17.
 
 
 3
 Debtors sought reconsideration arguing that (1) the liquidated damage provision in the contract was exclusive and precluded sellers' recovery of taxes and (2) the sellers had agreed to accept the abandonment of the property in full satisfaction of all claims. Id. pleading no. 23. Pursuant to debtors' request, the bankruptcy court held an evidentiary hearing and denied the motion for reconsideration. Id. pleading no. 29. The bankruptcy court characterized the issue before it as "a question of fact what the parties intended the terms of the abandonment to be" and concluded that debtors "had failed to sustain their burden of showing this Court cause why its earlier rulings should be set aside." Id. at 1-2. On appeal, the district court relied on a case decided subsequent to the bankruptcy court's order, Rosson v. Cutshall, 719 P.2d 23 (Kan.App.1986), and determined that sellers, by electing to accept the property, were precluded from collecting the taxes and special assessments. In re Lacy, 115 Bankr. 296, 298 (D.Kan.1990). The case was remanded to the bankruptcy court for further proceedings consistent with the district court's views. Id.
 
 
 4
 We ordered the parties to brief the issue of our jurisdiction to consider this appeal under 28 U.S.C. Sec. 158(d). Although this circuit adheres to a traditional view of finality even in the context of bankruptcy appeals, we are satisfied that the sellers' amended claim represents "a discrete dispute within a bankruptcy case." Eddelman v. United States Dep't of Labor, 923 F.2d 782, 786-87 n. 7 (10th Cir.1991). Here, sellers' entire amended claim concerning the real property has been disallowed. Although the district court remanded the case to the bankruptcy court for further proceedings, the only outcome is that the bankruptcy court will enter an order disallowing the amended claim in its entirety. This does not constitute "significant further proceedings" which would make appellate jurisdiction inappropriate. See State Bank v. Anderson (In re Bucyrus Grain Co., Inc., 905 F.2d 1362, 1366 (10th Cir.1990) (district court's decision is considered final if remanded matters are not likely to generate new appeal or affect issue appellant seeks to raise); Homa Ltd. v. Stone (In re Commercial Contractors, Inc.), 771 F.2d 1373, 1375 (10th Cir.1990). We have jurisdiction.
 
 
 5
 We review the legal conclusions below de novo; factual findings are evaluated under the clearly erroneous standard. See Bartmann v. Maverick Tube Corp., 853 F.2d 1540, 1543 (10th Cir.1988); Yeates v. Yeates (In re Yeates), 807 F.2d 874, 877 (10th Cir.1986). Interpretations of state law by the district court and the bankruptcy court are evaluated de novo, without special deference. Salve Regina College v. Russell, 111 S.Ct. 1217, 1225 (1991).
 
 
 6
 "What claims of creditors are valid and subsisting obligations against the bankrupt at the time the petition in bankruptcy is filed is a question which, in the absence of overruling federal law, is to be determined by reference to state law." Vanston Bondholders Protective Committee v. Green, 329 U.S. 156, 161 (1946) (footnote omitted). Thus, we first look to substantive nonbankruptcy law to determine the validity and amount of a claim when the petition was filed. In re American Reserve Corp., 840 F.2d 487, 489 (7th Cir.1988). Federal bankruptcy law, however, controls the actual allowance and disallowance of claims and distribution of assets with the objective of a fair and ratable distribution of assets among creditors. Vanston, 329 U.S. at 162-63. Addison v. Langston (In re Brints Cotton Marketing, Inc.), 737 F.2d 1338, 1341 (5th Cir.1984).
 
 
 7
 After reminding us that the contract required the debtors to pay the taxes and the special assessments, the sellers then argue that "neither the payment of the 1982 nor the 1983 taxes [by sellers] constituted any damage which resulted from the breach of contract...." See Appellant's Brief at 16, 21. This is because the liability for 1982 taxes was incurred prepetition and before debtors' default, while the liability for 1983 taxes accrued postpetition when the sellers could not proceed with their state court action because of the automatic stay. Id. at 21. Sellers urge us to view the taxes as independent obligations of the debtors by the taxing authority. Id. They suggest that, had they not paid the taxes, the taxes would have become a priority nondischargeable item of the estate. Id.
 
 
 8
 Sellers further argue that the liquidated damage provision in the contract does not bar recovery of taxes and special assessments. They take issue with the bankruptcy court's finding concerning election of remedies because they "never elected to do anything, and once the debtors abandoned the property to them, [they] had no alternative but to accept that property." Id. at 23. Sellers urge us to uphold the bankruptcy court's "factual determination that neither the election of remedies doctrine nor the liquidated damages provision of the contract precluded recovery of the taxes paid by the [sellers] both before and after the Chapter 11 filing." Id. at 24. They also urge us to uphold the bankruptcy court's factual finding that the debtors were unable to prove that sellers surrendered all claims during negotiations in exchange for the notice of abandonment.
 
 
 9
 We first reject the argument that the taxes and assessments paid by the sellers should not be viewed as damages resulting from the debtors' breach of contract. As sellers point out, the debtors had a contractual obligation to pay the taxes and assessments, notwithstanding that the contract allowed the sellers to pay the taxes and add the amount to unpaid principal. I R. doc. 3, pleading 1, ex. B at 5 (Sec. II(3) & at 9-10 (Sec. III(9)).
 
 
 10
 The debtors' abandonment of the property occurred postpetition and in the course of bankruptcy proceedings while some of the events giving rise to the sellers' amended claim occurred both pre and postpetition. While we look to state law to determine the sellers' interest at the time of filing, in the absence of contrary federal policy, we also may apply state law to analyze the property interests in the bankruptcy proceeding. See Butner v. United States, 440 U.S. 48, 55 (1979).
 
 
 11
 Here, Kansas has determined that, under its election of remedies doctrine, forfeiture of the property precludes an award of damages for past rental value, past taxes, past insurance premiums and the like. Rosson, 719 P.2d at 25, 27. Although "[t]he test for inconsistency of remedies is a factual and a logical one," Griffith v. Stout Remodeling, Inc., 548 P.2d 1238, 1242 (Kan.1976), it is not, contrary to sellers' brief, an inquiry dependent upon the taking of evidence and subsequent findings of fact. In circumstances which permit no meaningful distinction, the Kansas Court of Appeals has determined as a matter of law that "relief ... in the form of damages and forfeiture [is] factually and logically inconsistent in that the former affirms the existence of the contract while the latter disaffirms or repudiates the contract." Rosson, 719 P.2d at 27. Thus, damages for taxes and assessments are inconsistent with return of the property and cancellation of the contract.
 
 
 12
 The bankruptcy court's finding that sellers had elected this latter remedy by accepting the property is not clearly erroneous. Sellers' adversary complaint prayed for modification of the automatic stay so as to allow pursuit of state law remedies. In the alternative, sellers asked the bankruptcy court to "order cancellation of the contracts in question, and restore the plaintiffs to full title to the subject properties." I R. doc. 3, pleading no. 1. As discussed by the bankruptcy court, when the sellers accepted the property they received a substantial asset which they could liquidate without incurring additional delay and litigation in the bankruptcy court and beyond. I R. doc. 3, pleading no. 17 at 2-4.
 
 
 13
 By praying for return of the property as one of their alternatives in all of their earlier pleadings, they had indicated that that remedy would be satisfactory to them and completely resolve their claim. At the time of abandonment they gave no indication that this was not the case and that they intended to pursue the deficiency.
 
 
 14
 Id. at 3-4. Having elected this remedy, the sellers would be foreclosed as a matter of state law from collecting damages for the taxes and special assessments. Rosson, 719 P.2d at 27. We must agree with the Seventh Circuit "that a bankruptcy court is not allowed to give a creditor rights that state law has withheld from him." In re Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 791 F.2d 524, 532 (7th Cir.1986). Cf. 11 U.S.C. Secs. 502(b)(1) (claims unenforceable against debtor); 558 (defenses of the estate). Accordingly, the factual issue concerning the parties' understanding concerning the alleged surrender of claims in the negotiating process becomes irrelevant.
 
 
 15
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 The pleading numbers correspond to the record on appeal transmitted by the bankruptcy court to the district court