5 F.3d 547
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 TOW JACK PRODUCTS, INC., a Delaware corporation, Plaintiff-Appellee,
v.
JOHNSON INDUSTRIES, INC., a Kansas corporation; James E.
Johnson, Defendants-Appellants.
 No. 92-3240.
 United States Court of Appeals, Tenth Circuit.
 Aug. 27, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Defendants-appellants Johnson Industries, Inc., and James E. Johnson appeal from a judgment rescinding a contract with plaintiff-appellee Tow Jack Products, Inc., and awarding plaintiff $150,000 jointly and severally against defendants. We modify the judgment and affirm as modified.
 
 
 4
 James Johnson is the president and sole shareholder of Johnson Industries (Johnson), which acquired the rights to the Tow Jack, a mobile car hoist. Johnson's manufacturer was unable to make a satisfactory unit with the patterns, jigs, and fixtures supplied by the previous manufacturer, and had to redo them.
 
 
 5
 Johnson entered an agreement with plaintiff to sell the rights to the Tow Jack. He led plaintiff's principals to believe the product was "ready-to-go" and had an established market. Johnson did not reveal the previous manufacturer's difficulties.
 
 
 6
 Plaintiff's manufacturer discovered problems with the drawings, necessitating nineteen major modifications. Further, the prototype unit did not match the drawings. These problems caused delays in production. As a result, plaintiff was unable to make its first major payment and requested a delay of the payment schedule. Johnson refused and suit was filed seeking damages, or alternatively, rescission. At the request of the trial court, plaintiff announced that it elected to proceed on its damage claim.
 
 
 7
 The district court found that Johnson made false representations of fact to plaintiff concerning the efficiency and safety of the Tow Jack design, the adequacy of the drawings and plaintiff's ability readily to produce a finished product from the drawings, the existence of an established market, and the future profits plaintiff could expect to earn. Based on those findings, the district court entered judgment ordering rescission of the agreement and holding both Mr. Johnson and Johnson Industries jointly and severally liable for return of the $150,000 deposit.
 
 
 8
 Defendants first argue that the district court erred by ordering rescission of the contract after plaintiff elected to pursue damages. In Kansas,[2] the doctrine of election of remedies applies where two or more inconsistent remedies are available, and a choice of one of them is made. Griffith v. Stout Remodeling, Inc., 548 P.2d 1238, 1242 (Kan.1976). The doctrine is not intended "to prevent recourse to a particular remedy but to prevent double redress for a single wrong." Id. We review de novo the district court's application of state law. Adams-Arapahoe Sch. Dist. No. 28-J v. GAF Corp., 959 F.2d 868, 871 (10th Cir.1992).
 
 
 9
 Plaintiff had available the inconsistent remedies of damages, which rests on affirmance of the contract, and rescission, which rests on disaffirmance. Nordstrom v. Miller, 605 P.2d 545, 554 (Kan.1980). The court, at plaintiff's request, ignored the earlier election and ordered rescission. In doing so it relied on the holding of Whiteley v. O'Dell, 548 P.2d 798, 802 (Kan.1976), that "[a]lthough plaintiffs' petition was based on a prayer for damages, it was within the inherent equitable power of the court to grant relief which would achieve justice and equity." Whiteley grants courts broad powers to award appropriate relief. However, a court should not grant relief other than that requested if prejudice would result. This is not such a case. Defendants have made only unsupported assertions that they were prejudiced.
 
 
 10
 Defendants also argue that Waggener v. Seever Systems, Inc., 664 P.2d 813 (Kan.1983), requires an election of remedy before trial because that election determines the right to a jury trial. Whatever validity this rule has, it does not apply in the present case which was tried to the court. We conclude the district court did not err in ordering rescission.
 
 
 11
 Defendants challenge the district court's finding that plaintiff did not have full knowledge of the fraud until after September 18, 1990, and that it acted promptly thereafter in seeking rescission. One who has knowledge of facts entitling him to rescission is not entitled to that remedy if, without duress, he ratifies the contract. Nordstrom, 605 P.2d at 554. One must elect to rescind within a reasonable time after learning of the existence of cause for rescinding. Baker v. Penn Mut. Life Ins. Co., 788 F.2d 650, 662 (10th Cir.1986). Evidence supports, and we therefore uphold, the finding that plaintiff did not have full knowledge of the fraud until after September 18, 1990.
 
 
 12
 Defendants also challenge the district court's determination that intent is relevant to whether plaintiff waived its right of rescission. Restatement (Second) of Contracts 381(2) (1981), provides that a party's ability to avoid a contract due to misrepresentation is lost if, "after he knows of a fraudulent misrepresentation ... he does not within a reasonable time manifest to the other party his intention to avoid it." (emphasis added). Further, Nordstrom, 605 P.2d at 554, states that acts or conduct inconsistent with the intent to avoid a contract have the effect of an election to affirm. Plaintiff's intent was relevant.
 
 
 13
 Defendants next challenge the district court's findings that Johnson made false representations of fact to plaintiff. We must uphold the district court's findings unless they are clearly erroneous. Fed.R.Civ.P. 52(a). We have carefully reviewed the record and conclude the findings are not clearly erroneous.
 
 
 14
 Defendants contend that the district court erred in entering judgment jointly and severally against Mr. Johnson for return of the $150,000 down payment because Mr. Johnson was not a party to the contract, and there was no evidence he individually received any of the proceeds of the down payment. A corporate officer can be held liable for corporate debt if the corporation is the officer's alter ego. Amoco Chems. Corp. v. Bach, 567 P.2d 1337, 1341 (Kan.1977). No determination was made that Johnson Industries is Mr. Johnson's alter ego. Alternatively, a corporate officer can be held personally liable for damages if he willfully participated in acts of fraud and deceit, regardless of whether the corporate veil is pierced or the alter ego theory applies. State ex rel. Stephan v. Commemorative Servs. Corp., 823 P.2d 831, 840 (Kan. Ct.App.1991)(review denied Mar. 10, 1992). Here, however, the court ordered rescission, not damages.
 
 
 15
 "[U]pon rescission of a contract the parties must be placed in substantially the same condition as when the contract was executed." Whiteley, 548 P.2d at 802. In an action to set aside a contract on grounds of fraud and restore the parties to their original situation, it is improper to enter judgment for return of the benefit received against a party who participated in the fraud but who was not a party to the transaction and did not receive any benefit from the transaction. Bainter v. Fults, 15 Kan. 323, 331 (1875). The judgment should be modified so that Mr. Johnson is not liable for return of the down payment.
 
 
 16
 Defendants further argue that the district court did not restore the parties to the status quo because it conditioned return of the patent to defendants on their return of the $150,000. While defendants cite practical difficulties this condition creates for them, we conclude imposing the condition was within the district court's inherent equitable power.
 
 
 17
 However, we agree with defendants that permitting plaintiff to retain the drawings prepared from materials given it by Johnson places plaintiff in a better position than it was in when the contract was executed. The judgment should be modified to provide that the AST drawings be sealed.
 
 
 18
 In light of our disposition, we need not address defendants' argument concerning the counterclaim.
 
 
 19
 Defendants' motion to file a supplemental appendix is GRANTED. The matter is REMANDED to the district court to enter a modified judgment consistent with this order and judgment. With the modification ordered, the judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 **
 Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 It is undisputed that Kansas law governs this diversity case