**Elwin WALLACE, Plaintiff,**

v.

**SHERWIN WILLIAMS COMPANY, INC.; Simpson Cleaning Systems, Inc.; and Giant Corporation, Defendants.**

**No. 88–2027–O.**

United States District Court, D. Kansas.

Nov. 8, 1988.

Lloyd Burke Bronston, Dan L. Smith, Bronston & Smith, Overland Park, Kan., for plaintiff.

David W. Hauber, Kenneth E. Holm, Boddington & Brown, Chartered, Kansas City, Kan., Donald R. Whitney, Barry W. McCormick, Payne & Jones, Overland Park, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant Giant Corporation's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its motion, defendant states that the two-year statute of limitations of K.S.A. 60–513(a)(4) ran as of June 19, 1988. Plaintiff's amended complaint, in which plaintiff named Giant Corporation as a defendant, was filed on June 23, 1988. Therefore, defendant Giant Corporation contends that plaintiff failed to file an action against it within the two-year statute of limitations, and that plaintiff's case against it should therefore be dismissed. In his opposition to defendant Giant Corporation's motion to dismiss, plaintiff contends that his amended complaint was filed on May 20, 1988, when he filed his motion for leave to file a first amended complaint.

The court file reveals the following. First, plaintiff filed his motion for leave to file a first amended complaint on May 20, 1988. Attached as an exhibit to that motion was plaintiff's proposed amended complaint. Second, on June 14, 1988, the court

granted plaintiff leave to file his first amended complaint. Third, plaintiff formally filed his first amended complaint on June 23, 1988.

Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." In diversity cases such as the one at bar, however, Rule 3 does not control when federal lawsuits commence for purposes of tolling state statutes of limitation. *Saraniero v. Safeway, Inc.*, 540 F.Supp. 749, 752 (D.Kan. 1982) (citing *Walker v. Armco Steel Co.*, 446 U.S. 740, 750–51, 100 S.Ct. 1978, 1985–86, 64 L.Ed.2d 659 (1980)). Instead, the state statute defining commencement of an action controls. K.S.A. 60–203 provides:

> A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff....

Thus, for statute of limitations purposes, a plaintiff must serve a defendant within 90 days of filing a complaint in order to toll the running of the statute as of the date on which the complaint was filed.

Although the defendant argues that K.S.A. 60–203 controls and plaintiff argues that Federal Rule of Civil Procedure 3 controls the determination of defendant's motion, the court finds that neither the state statute nor the federal rule answers the question presented by defendant's motion: is an amended complaint deemed filed at the time it is presented to the court by way of motion for leave to amend, or at the time the court formally grants such a motion, or at the time the amended complaint is actually filed as a separate document (*i.e.*, rather than as an exhibit to the motion for leave to amend)? Defendant evidently takes the position that the date the amended complaint is filed as a separate document is the date of filing. Plaintiff, on the other hand, argues that the amended complaint is deemed filed on the date the

motion for leave to amend is filed. The court agrees with the plaintiff.

In *Gloster v. Pennsylvania Railroad Co.*, 214 F.Supp. 207 (W.D.Pa.1963), the Pennsylvania District Court considered a problem similar to the one before us. The plaintiff in *Gloster* filed a motion to amend to add a defendant within the time period provided by the applicable statute of limitations, but the court did not grant the motion until after the statute had run. The Pennsylvania court held that filing the motion to amend, with the proposed amended complaint attached, was sufficient to commence the action against the added defendant. *Id.* at 208. The court explained its rationale as follows:

> To give sanction to objections to the amendment, that leave to amend must await the actual placement of a judge's signature on an order to amend, would be to lend impracticality and injustice to federal judicial processes and procedure.... The Court has need for researching and deliberating upon the law as applied to the facts of the case, and this had to be done while applying time and energy to the many other matters in a busy court. The necessary time so consumed ... should not and cannot be permitted as an obstacle to justice. Such is the intendment and spirit of the Federal Rules of Civil Procedure.

*Id.; see also Longo v. Pennsylvania Electric Co.*, 618 F.Supp. 87, 89 (W.D.Pa.1985); *accord, Cannon v. Metcalfe*, 458 F.Supp. 843, 847 (E.D.Tenn.1977); *Derdiarian v. Futterman Corp.*, 36 F.R.D. 192, 194 (S.D. N.Y.1964); *Robinson v. Waterman S.S. Co.*, 7 F.R.D. 51, 53–54 (D.N.J.1947).

The court holds that plaintiff's amended complaint was effectively filed when his motion for leave to file an amended complaint was filed on May 20, 1988. To hold otherwise would punish plaintiff and other similarly situated plaintiffs for the court's unavoidable delay in issuing an order granting leave to amend a complaint. In the case at hand, plaintiff filed his motion to amend well within the two-year statute of limitations. Furthermore, plaintiff served defendant Giant Corporation with

the amended complaint within ninety days of filing the motion to amend.* Therefore, plaintiff instituted this case against defendant Giant Corporation within the applicable statute of limitations.

IT IS THEREFORE ORDERED that defendant Giant Corporation's motion to dismiss is denied.

---

* Plaintiff states in his brief that defendant Giant Corporation was served with the amended complaint on July 6, 1988, well within the ninety day time limit of K.S.A. 60–203. Furthermore, Giant Corporation does not complain that plaintiff failed to properly serve the amended complaint. The court therefore accepts plaintiff's representation that defendant Giant Corporation was properly served on July 6, 1988.