(87 P.3d 323)

No. 90,354

JAMES W. THARP, Individually and on behalf of all heirs, and as Executor of the Estate of Jeanette B. Adams, Deceased, *Appellant*, v. REX R. LEE, M.D., DR. REX R. LEE D/B/A SOUTHEAST CLINIC; STEPHANIE B. RATTONAVANGSA; ROBYN CALVERT; VIA CHRISTI REGIONAL MEDICAL CENTER, INC.; SHAKER R. DAKHIL, M.D.; CANCER CENTER OF KANSAS, INC.; and DOES 1 THROUGH 30, *Appellees*.

Opinion filed March 26, 2004.

*Calvin L. Wiebe*, of the law office of Calvin L. Wiebe, P.A., of Wichita, for appellant.

*Don D. Gribble, II*, of Hite, Fanning & Honeyman, L.L.P., of Wichita, for appellee Via Christi Regional Medical Center, Inc.

*Larry B. Spikes*, of Spikes Law LLC, of Wichita, for appellees Shaker R. Dakhil, M.D., and Cancer Center of Kansas, Inc.

*Timothy P. McCarthy*, of Williamson & Cubbison, of Kansas City, Kansas, for appellees R. Rex Lee, M.D., Dr. R. Rex Lee d/b/a Southeast Clinic, Stephanie B. Rattonavangsa, and Robyn Calvert.

Before PIERRON, P.J., HILL, and McANANY, JJ.

McANANY, J.: James Tharp, individually and on behalf of the heirs of Jeanette Adams, and as the executor of her estate, appeals the district court's order of dismissal.

We affirm.

Jeanette Adams died on September 27, 1999, while under the medical care of defendants. Tharp filed suit against the defendants on September 26, 2001, alleging causes of action for negligence and breach of contract. On December 28, 2001 (86 days after suit

was filed), Tharp moved for additional time to serve defendants. The court held a hearing on Tharp's motion in January 2002 (more than 90 days after suit was filed) and entered an order allowing Tharp an additional 30 days to serve defendants. The order was filed on January 11, 2002. Tharp then perfected service on defendants within 120 days after suit was filed.

In February 2002, Tharp voluntarily dismissed the case without prejudice. He refiled the case on August 2, 2002, asserting the same causes of action as before. On October 25, 2002, Tharp again moved for an additional 30 days to serve defendants. The court granted the motion on November 1, 2002. All of the defendants were served within 120 days of the refiling of the case.

Defendants moved to dismiss the refiled action based upon the 2-year statute of limitations, K.S.A. 2003 Supp. 60-513. Tharp abandoned the contract claim. He argued that since the original tort action commenced upon filing (the defendants having been served within 120 days thereafter), the refiled action which was brought within the 6-month savings period of K.S.A. 60-518 similarly related back to the filing date of the original action. And since the original action was filed within the 2-year statute of limitations, the refiled action is not time-barred. The district court dismissed the action, concluding that since Tharp had not obtained an order extending the time for service within 90 days after filing the original action, the service dates for defendants did not relate back to the filing date. Consequently, the original action commenced after expiration of the statute of limitations, and the refiled action was likewise fatally flawed.

The question on appeal is whether K.S.A. 60-203(a) requires plaintiff to both file a motion *and* obtain an order extending the time for service within 90 days after filing suit in order for the commencement date of the action to relate back to the date the petition was filed. Interpretation of a statute is a question of law over which our review is de novo. *Williamson v. City of Hays*, 275 Kan. 300, Syl. ¶ 1, 64 P.3d 364 (2003).

K.S.A. 60-203 states:

"(a) A civil action is commenced at the time of: (1) Filing a petition with the clerk of the court, if service of process is obtained or the first publication is made

for service by publication within 90 days after the petition is filed, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff; or (2) service of process or first publication, if service of process or first publication is not made within the time specified by provision (1)."

In *Read v. Miller*, 247 Kan. 557, 802 P.2d 528 (1990), plaintiff served defendant 115 days after filing suit and beyond the applicable statute of limitations. Then, within 120 days of filing, plaintiff moved for and obtained an order granting the 30-day extension provided for in K.S.A 60-203(a). The court dismissed the action, holding the action was time-barred since the commencement date of the action was when defendant was served, not the date the action was filed, and so plaintiff had failed to commence the action within the statute of limitations.

The plaintiff in *Read* invoked the provisions of K.S.A. 1989 Supp. 60-206(b)(2) which allow extensions of time upon a showing of excusable neglect. The court concluded that the specific provisions of 60-203(a) control over the more general provisions of 60-206(b). Further, after analyzing the meaning of the word "extend" as used in K.S.A. 60-203(a), the court stated: "[O]nce the 90-day period has expired, there is nothing to extend, and no period to prolong." 247 Kan. at 563. The court concluded:

"Based on the plain, unambiguous language of K.S.A. 60-203(a), and considering the existing case law rules and the lack of any legislative intent to the contrary, we hold that an extension of time under K.S.A. 60-203(a) must be sought and granted before the expiration of the 90-day period." 247 Kan. at 564.

Tharp seeks to distinguish his case from *Read*. He argues that while he did not obtain the 30-day extension order until more than 90 days after filing suit, he filed his motion within 90 days of filing suit. Further, he contends that he invoked the provisions of 60-206(b)(1) rather than 60-206(b)(2), which the court considered in *Read*.

The statutory distinction drawn by Tharp is, for purposes of this analysis, a distinction without a difference. The Supreme Court in *Read* determined that 60-203(a) controls over 60-206(b) and that there is no period to extend once the 90-day period has expired. While Tharp filed his motion within the 90-day period, he failed

to both seek and obtain an extension within the 90-day period as mandated by *Read*.

Since the court's decision in *Read*, the legislature has revisited K.S.A. 60-203 on two occasions; and on each occasion it chose to leave the holding in *Read* undisturbed. See *Garden City Educators' Ass'n v. Vance*, 224 Kan. 732, 736, 585 P.2d 1057 (1978).

Consistent with the holding in *Read*, this court held in *Cook v. Freeman*, 16 Kan. App. 2d 555, 557-58, 825 P.2d 1185, *rev. denied* 250 Kan. 804 (1992), that in order to enjoy the relation-back provisions of the statute, not only must plaintiff make the motion for extension of time under K.S.A. 60-203(a), but also must obtain the order granting the motion, even if oral and not reduced to writing, within 90 days of filing suit.

Having failed to obtain from the court a 30-day extension within 90-days after filing suit, the date Tharp's suit commenced was the date upon which service was perfected. Since that occurred more than 2 years after the causes of action accrued, the tort claims asserted in Tharp's September 2001 suit were barred by the 2-year statute of limitations, K.S.A. 2003 Supp. 60-513; and his later re-filing in August 2002 was to no avail.

Affirmed.