[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
Before the Court for decision is Defendant Leigh R. Miller's (Miller) motion to vacate a judgment under Superior Court Rules of Civil Procedure 60 (b) (4) and (6). The Plaintiff, Greenfield Hill Investments, LLC (Greenfield), filed a timely objection thereto. This Court's jurisdiction is pursuant to Rhode Island General Laws § 8-2-14.
 Facts and Travel
In 1989, Connecticut Savings Bank extended a mortgage loan to Miller. After making payments on the loan for a year, Miller defaulted. Connecticut Savings Bank filed a complaint against Miller on December 28, 1990 and proof of service was filed on January 22, 1991. Miller filed an answer on November 13, 1991. Virtually no further action was taken in the case for the next ten years.
On January 24, 2002, Connecticut Savings Bank assigned its interest in the mortgage to Greenfield. On January 21, 2003, Greenfield filed a motion to amend the complaint adding Greenfield as a party plaintiff. Attached to the motion was a signed copy of the amended complaint. The certificate of service indicated that the motion and its attachment were served by mail on the attorney of record for Miller. See Rule 5(b). Because no objection to the motion to amend was filed, it was allowed by rule of court. Rule 7(b)(3)(v). However, no amended complaint other than the signed copy attached to the motion to amend was ever filed in the Superior Court.
Greenfield, acting as a substitute plaintiff, filed a motion for summary judgment pursuant to Rule 56. The motion was served on Defendant's counsel of record who appeared at a hearing scheduled for March 21, 2003. At the summary judgment hearing, Miller's attorney informed the Court that he had no factual basis for filing an objection or counter-affidavit and so had not done so. Accordingly, the Court found that there were no disputed issues of material fact and that Greenfield was entitled to summary judgment. An unsigned, undated copy of the order which memorialized the Court's March 21, 2003 bench decision, was certified to have been mailed to Miller's attorney on March 25, 2003. Judgment was entered on May 7, 2003.
Miller now seeks to vacate the judgment for voidness on the following two grounds: (1) because an amended complaint was neither filed with the court nor served on Defendant, summary judgment on the amended complaint is void ab initio and, (2) the Defendant was never served with a copy of the judgment. The Court would suggest to Defendant that his first task should be to offer some defensible reason why he failed to object to the summary judgment decision which was initially made in open court in the presence of his attorney, and why that summary judgment order should be disturbed. He has failed to even attempt to do so.
 Analysis
There are two central issues to be addressed by this Court. First this Court must decide whether an amended complaint becomes effective when the motion to amend is filed, when the order granting the motion is entered, or when an amended complaint is filed subsequently and in response to the order allowing such amendment.[1] Secondly, the Court must decide whether the judgment entered against Miller is void because no amended complaint upon which summary judgment was granted was filed or served upon Miller subsequent to the entry of the order which allowed amendment. For the reasons which follow, this Court finds that filing a signed amended complaint together with (and referenced in) a motion to amend serves to substitute that document (an amended complaint) for the original complaint. Furthermore, failing to file or serve a (fresh) amended complaint after the Court granted the motion to amend does not render the judgment void. Rather, these issues constituted: (a) substantive defenses to the summary judgment motion which should have been raised at the hearing or, (b) errors of law that should have been directly appealed.
Miller argues that the judgment is void because an amended complaint was never filed and was never served upon him.[2] Rule 15 governing amended complaints, states that the amended complaint must be served upon the defendant. This rule must be read in conjunction with Rule 5 which requires that the amended complaint be filed with the court and served upon the opposing party. The rules do not state whether it is the filing or the service of the amended complaint that operates to substitute it for the original.
Miller's argument that the amended complaint is not substituted for the original until it is filed, rests primarily on Grieco v. Perry,697 A.2d 1108, 1109 (R.I. 1997), where the Supreme Court stated, "it [is] the filing of the second amended complaint that act[s] to supersede the first amended complaint, not the service of that second amended complaint upon the defendant." As will be explained below, this language begs the important question, "When is the amended complaint actually filed?" Both the facts and the holding in Grieco are completely supportive of the Plaintiff herein.
In Grieco, the plaintiffs filed a motion to amend the complaint. That motion to amend was filed on March 29, 1996 and assigned a hearing date of April 10, 1996.[3] The motion read in part, "the Plaintiffs . . . move . . . to amend their Complaint in the form annexed hereto." Annexed to the motion was a document entitled "Amended Complaint" dated March 27, 1996. It was signed by counsel for the plaintiffs. The motion to amend came on for hearing on April 10, 1996. There being no objection, the motion was granted by rule of court. There was never another document entitled "Amended Complaint" filed.[4] Thus, as advertised above, the facts in Grieco concerning the method of filing the amended complaint are identical to those presented here.
Distinct from the issue at bar, the issue before the Supreme Court inGrieco was whether an amended complaint was substituted when filed or whether it was only substituted when served upon the opposing party. The Supreme Court reversed the lower court's denial of the defendant's motion to vacate the default judgment as to the first amended complaint stating, "[a]fter the order granting the plaintiffs permission to file their second amended complaint was entered by the Superior Court on April 16, 1996, the first amended complaint was no longer an active pleading in the action. (emphasis added)." Id. Then, in the same paragraph, the Supreme Court concluded, "the filing of the plaintiff's second amended complaint rendered the first amended complaint a nullity. . . . (emphasis added)"
Closely examining the course of litigation before the Superior Court inGrieco is the first step in understanding the Supreme Court's seemingly contradictory language. In Grieco, the only amended complaint filed was "annexed" to the motion to amend which was filed on March 29, 1996. The amended complaint (dated March 27, 1996) and the motion to amend were allowed on April 16, 1996. According to its written opinion, the Supreme Court cites to April 16, 1996 as the controlling date. This necessitates the conclusion that the Supreme Court was referring to the "annexed" amended complaint which was attached to the motion to amend as the active pleading.
Thus, contrary to Defendant's argument here, the facts if not the holding in Grieco support the conclusion that the amended complaint is substituted for the original when the motion to amend is filed (or at the latest, when the order is entered).[5]
This conclusion harmonizes Grieco with substantial federal case law that holds that, for statute of limitations purposes, the amended complaint is deemed filed when the motion to amend is filed. See Mayesv. ATT Info. Sys. Inc., 867 F.2d 1172, 1173 (8th Cir. 1989); Rademakerv. E.D. Flynn Export Co., 17 F.2d 15, 17 (5th Cir. 1927); Wallace v.Sherwin Williams Co., 720 F.Supp. 158, 159 (D. Kan. 1988); Derdarianv. Futterman Corp., 36 FRD 192, 194 (S.D.N.Y. 1964). See also Nett v.Bellucci, 774 N.E. 2nd 130, 140 (Mass. 2002) (cases collected). The rationale behind the rule is to avoid bringing harm to the plaintiff for the court's delay in granting the motion to amend. The plaintiff only has control over filing the motion to amend; it would be unjust to let the statute of limitations run while the court researches and deliberates on the law as applied to the facts of the case. Wallace, 720 F.Supp. at 159
(quoting Gloster v. Pennsylvania R.R. Co., 214 F. Supp. 207, 208 (D. Pa. 1963). Notably, the rule is not confined to statute of limitations cases. See Massachusetts Pub. Interest Research Group v. ICI Americas,Inc., 777 F.Supp. 1032, 1036 (D.Mass. 1991) (filing the motion to amend established the date that an action was commenced for purposes of the Federal Water Pollution Control Act).
In light of the foregoing, this Court holds that the amended complaint was filed when the motion to amend together with the attached, signed document entitled "amended complaint" was filed. The first complaint filed by Connecticut Savings Bank became a nullity when the motion was filed and Greenfield was substituted as partyplaintiff retroactively upon the granting of the order allowing amendment. Because Miller does not deny timely receipt of the motion to amend and the referenced and attached amended complaint, summary judgment on the amended complaint was valid. Consequently, the motion to vacate must be denied.[6]
 Summary Judgment
Even if the Court were to agree with Miller that the amended complaint was ineffective because it was not filed after the motion to amend was granted, that would not necessarily mean that summary judgment was improper. See e.g., Allstate Ins. Co. v. Lombardi, 773 A.2d 864, 870(R.I. 2001) (argument that judgment was void for lack of notice fails where the moving party did not argue any lack of service or lack of personal jurisdiction grounds in support of its summary judgment motion thereby waiving those arguments as potential arguments under Rule 60(b)(4)). By appearing at the hearing for summary judgment, Miller had the opportunity to raise the issue that Greenfield was not the same party which had signed the complaint. This would have been the proper time for Miller to object, not at this late date.
 The Motion to Vacate
Even assuming that summary judgment was improper, it does not necessarily follow that the motion to vacate should be granted. Rule 60(b) (4) allows relief from a final judgment if the judgment is void. A void judgment must be distinguished from one that is legally erroneous.Allstate Ins. Co. v. Lombardi, 773 A.2d 864, 869 (R.I. 2001) (a judgment is not void merely because it is erroneous). "A void judgment is one which . . . is a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed." Fafel v. DiPaola, 2005 U.S. App. LEXIS 3747 at *19 (1st Cir. 2005). In Rhode Island, as in the federal courts, a judgment is void if the court entering the judgment lacked subject matter or personal jurisdiction or where the court's action amounts to a plain usurpation of power constituting a violation of due process. Allstate, 869.[7]
However, even the "inflexible" jurisdiction requirements may eventually yield to the strong interest of finality. Fafel, 2005 U.S. App. LEXIS at *19 (1st Cir. 2005), Hodge v. Hodge, 621 F.2d 590, 593 (3d. Cir. 1980) ("Unless more than the private interests of the litigants is at stake, even the issue of subject matter jurisdiction must at some point be laid to rest.")
In addition to promoting judicial finality, a corollary purpose for confining a Rule 60(b)(4) motion to such narrow legal grounds is so that the motion is not used to avoid the time limits of appeal. See Town ofHopkinton v. Keiser, 409 A.2d 1220 (R.I. 1980). "A motion to vacate judgment is not a substitute for appeal and its use to circumvent time limits on appeal has been rigidly disapproved." Kent, Rhode IslandPractice, § 60.1 at 450 (1969). If a judgment is based on legal error, the proper method for obtaining relief is by direct appeal, not a collateral challenge through Rule 60. See Fafel, 2005 U.S. App. LEXIS at *20 (1st Cir. 2005); Allstate, 773 A.2d at 870.
Moreover, Miller's grounds for vacating the judgment are substantive arguments that should have been raised at the summary judgment hearing. Miller did not object to Greenfield's standing to bring the motion for summary judgment. As noted above, even if he had objected, it may not have changed the outcome of the motion, in which case Miller should have appealed the decision. The motion to vacate may not be used in place of an appeal; that is clearly what Miller is attempting to do here.
Miller also relies upon Rule 60(b)(6) and language found within R.C.Associates v. Centex General Contractors, Inc. 810 A.2d 242
(R.I. 2002).[8] He claims that his move to Florida while the litigation was pending and his personal ignorance of the substitution of plaintiff, the summary judgment, and the entry of final judgment until recently is cause to grant him relief. At all times Miller was represented by counsel who: (1) received a copy of the motion to amend, together with a copy of the signed amended complaint which substituted Greenfield as Plaintiff, (2) attended the hearing on the motion for summary judgment and did not object to its entry, and (3) never requested a continuance so as to facilitate further communication with Defendant. Defendant has simply failed to show sufficient reason why the final judgment should be vacated.[9]
Lastly, this Court will address the Plaintiff's argument that Miller's motion is out of time. Rule 60(b)(4) indicates that "the motion (for relief from judgment) shall be made within a reasonable time. . . ." Authority is split on whether a motion under Rule 60(b)(4), unlike other subsections of the rule, is subject to a time limit, despite the explicit language to that effect. Many courts have held that a collateral attack on a void judgment is proper at any time because a void judgment cannot become valid with the passing of time. Jackson v. FIE Corp., 302 F.3d 515,523 (5th Cir. 2002) (leaving open the possibility that extraordinary circumstances may justify an exception to the rule); see 11 FederalPractice and Procedure, § 2862 at 324. Some courts have held that the motion must still be brought within a reasonable time, often no later than three years after the entry of judgment. Jeffreys v. United Techs.Corp., 2003 U.S. App. LEXIS 13762 at **4 (Motion untimely when filed more than three years after entry of judgment. Absent mitigating circumstances, the motion was not filed "within a reasonable time.");United States v. Dailide, 316 F.3d 611, 617 (6th Cir. 2003) (holding that four years was unreasonable and noting that prior cases had held that three and five years were unreasonable).
In Rhode Island, the law appears to hold that if the judgment is being challenged on jurisdictional grounds, no time limit applies. If, however, the judgment is being challenged on other grounds, then the motion must be made within a reasonable time. For example, the Supreme Court held that where a court does not have proper jurisdiction over subject matter or person, "time is inconsequential when considering a void judgment" and "[a] void judgment may be expunged at any time."Lamarche v. Lamarche, 348 A.2d 22, 23 (R.I. 1975). However, in a recent case involving an attorney's authority to enter into a consent judgment, the Court rejected the plaintiff's argument that Lamarche stood for the proposition that an allegedly void judgment can be challenged at any time. City of Providence v. Employee Retirement Bd. of the City ofProvidence, 749 A.2d 1088, 1095 n. 8 (R.I. 2000). Rather, such motions must be filed within a reasonable time. Id. ("The 1991 judgment in this case had been dead for so long, however, that it was beyond legal resurrection.").
In the case before this Court, Greenfield claims that by waiting some twenty-two months from the time that the judgment was entered in this case, Miller has waited too long. This Court disagrees and finds that, given the particulars of this case, Miller filed his motion within a reasonable time. This case was not prosecuted for eleven years by Greenfield's predecessor in interest. Greenfield should not now be heard to complain concerning a lack of diligence in pursuing this litigation. This is particularly true when it is apparently conceded that Miller never received a copy of the final judgment entered, and was allegedly unaware of the judgment until two to six months ago.
 Conclusion
After due consideration of the arguments advanced at oral argument and the parties' memoranda, this Court holds that Defendant Miller's motion to vacate should be and is denied. The judgment is not void and the arguments now advanced by Miller should have been raised at the summary judgment hearing, and if necessary, appealed.
Counsel for the prevailing party shall submit an appropriate order consistent with this decision.
[1] This was the precise question facing the Court in Wallace v.Sherwin Williams Co., 720 F. Supp. 158 (D. Kan. 1988).
[2] Miller does not deny that he had actual notice of the amended complaint which was attached to the motion to amend.
[3] Factual statements concerning the Superior Court litigation are taken from the documents filed and clerk notes maintained in the case, C.A. No. 95-4683.
[4] At least two additional amendments were subsequently made to the complaint. The are not relevant to the issue before this Court.
[5] A subsidiary argument raised by Defendant is that without the filing and service of an amended complaint subsequent to the order allowing an amended complaint, Defendant would be unsure of the time period in which he would have to file an answer. See Rule 12. Logically, the time in which to answer would be measured from the date on which the order allowing the amendment was granted. Regardless, this is an issue that should have been raised at the hearing on Plaintiff's summary judgment motion.
[6] There is clearly no basis for an allegation of lack of due process. Defendant not only received a copy of the amended complaint through service on his attorney, but was represented by his attorney at the hearing on the motion for summary judgment based on the amended complaint.
[7] A judgment may be void if procured through fraud or collusion; however, that is not alleged here. See Allstate, 773 A.2d at 869.
[8] In R.C. Associates the defendant unsuccessfully sought reversal of the Superior Court's denial of his motion to vacate default judgment.
[9] New counsel for Defendant Miller attempts to buttress Defendant's position by observing that Plaintiff could have moved for default under Rule 55 and need not have offered proof to satisfy a summary judgment motion under Rule 56. Plaintiff's tactics in this regard are not deemed relevant to the Court's decision here.