No. 118,730

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TAMAH SCOTT,
*Appellant*,

v.

DONALD EWING, DAWN EWING, RONALD EWING,
DUSTIN EWING, JAMES BASEY, K.S., a minor,
by and through his father and next friend,
DONALD SMITH, and DONALD SMITH,
*Appellees*.


SYLLABUS BY THE COURT


1.

K.S.A. 2017 Supp. 60-206(a)(1)(C) explains how to calculate time under Chapter 60 cases as follows: If "the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday."


2.

K.S.A. 2017 Supp. 60-203(a) provides the district court may extend the time to obtain service by an additional 30 days so long as the extension is granted within 90 days of filing the petition and the plaintiff establishes good faith.


3.

K.S.A. 2017 Supp. 60-215(a) is ambiguous because it fails to address what happens while the motion to amend is pending.


1

4.

Unlike K.S.A. 2017 Supp. 60-203(a), K.S.A. 2017 Supp. 60-215(a) creates no time limitation on a district court's authority to grant a party's motion to amend a pleading.

5.

K.S.A. 2017 Supp. 60-215(a) does not address whether an amended pleading is considered filed when the movant presents it.

6.

The statute of limitations is tolled when a party cannot exercise his or her legal remedy under K.S.A. 2017 Supp. 60-215(a) because the party awaits a judicial determination.

7.

If filed before the statute of limitations period expires, a motion to amend the petition will toll the limitation period. If the district court grants the amended petition, the limitation period resumes.

8.

An amended petition is timely filed if it is filed the same day the district court approves it.

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed February 22, 2019. Reversed and remanded.

*Melinda G. Young*, of Bretz & Young, of Hutchinson, for appellant.

*Kevin D. Weakley* and *Christopher M. Wolcott*, of Wallace Saunders, Chtd., of Overland Park, for appellee Ronald Ewing.

2

*Robert C. Hutchison*, of Thompson Warner, P.A., of Lawrence, for appellee Dustin Ewing.

*Kevin L. Bennett*, of Bennett, Bodine & Waters, P.A., of Shawnee, for appellee Dawn Ewing.

No appearance by appellees Donald Smith, K.S., and James Basey.

Before GARDNER, P.J., HILL and SCHROEDER, JJ.

SCHROEDER, J.: Tamah Scott appeals the district court's dismissal of her personal injury claims against the defendants. Although the statute of limitations on claims is two years, she argues she tolled the limitations period one day before the statute ran by moving to amend her petition to add additional defendants. For the first time on appeal, Scott also argues her petition against the defendants cannot be dismissed because her amended petition adding those defendants relates back to her first petition. For the reasons explained later, we agree Scott tolled the statute of limitations upon filing her motion to amend her petition. We also find Scott waived her relation-back issue below and cannot raise it for the first time on appeal. The district court is reversed and the case is remanded for further proceedings.

FACTS

Scott claims someone injured her by shooting fireworks in a trailer park during an Independence Day celebration on July 4, 2015. Scott sued Donald Ewing on June 30, 2016, alleging he hosted the event and set off the fireworks. Donald answered, denied the allegations, raised a defense of comparative fault, and asserted Scott failed to mitigate her damages. The two exchanged interrogatories and responses through January 2017.

On July 4, 2017, Scott electronically filed her motion to amend her petition and asked the district court for permission to add Dawn Ewing, Ronald Ewing, Dustin Ewing,

James Basey, Donald Smith, and Smith's minor son, K.S. as other defendants (the defendants). Scott claimed Donald now denied shooting the fireworks and he blamed the other proposed defendants. Scott also claimed Donald alleged Scott's injuries arose on another person's property in the trailer park.

On August 17, 2017, the district court allowed Scott to amend her petition and add the additional defendants. Scott did so the same day. On August 23, 2017, Scott served her amended petition on Dawn, Donald, Ronald, Dustin, Smith, and K.S. On September 24, 2017, Scott served her amended petition on Basey. The defendants moved to dismiss the case, alleging the statute of limitations barred Scott from recovery because her amended petition was not granted until after the limitations period had expired on July 5, 2017.

At a motions hearing, Scott claimed she tolled the statute of limitations when she moved to amend her petition. She advised the district court she was not arguing her amended petition related back to her first petition. She also explained Donald Ewing, through discovery, raised an additional defense that he did not light the fireworks and he did not control the property where Scott sustained her injuries. According to Scott, Donald Ewing alleged K.S. was the party who injured Scott. Donald Ewing did not provide other details about K.S., so Scott had to conduct more investigation about the additional defendants before she moved to amend her petition.

The district court dismissed Scott's amended petition. It found the statute of limitations expired on July 4, 2017, but Scott's amended petition was not granted or filed until August 17, 2017. The district court also found the defendants did not receive notice of Scott's claims until after July 4, 2017, citing favorably to *Hajda v. University of Kansas Hosp. Auth.*, 51 Kan. App. 2d 761, 356 P.3d 1 (2015), *rev. denied* 303 Kan. 1077 (2016). The district court stayed the proceedings so the defendants could proceed on interlocutory appeal.

4

*Scott's statute of limitations expired on July 5, 2017.*

The district court erred in finding Scott's limitations ran on July 4, 2017. Both Scott and the defendants agree Scott's statute of limitations expired on July 5, 2017. This claim is subject to statutory interpretation, a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015).

Scott claims she suffered personal injuries on July 4, 2015. Under K.S.A. 60-513(a)(4), Scott's claims are subject to a two-year statute of limitations. Even so, K.S.A. 2017 Supp. 60-206 explains how to calculate time under Chapter 60 of the Kansas Statutes Annotated. If "the last day is a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday or legal holiday." K.S.A. 2017 Supp. 60-206(a)(1)(C). When a party files electronically, the last day ends at midnight in the court's time zone. K.S.A. 2017 Supp. 60-206(a)(4)(A). July 4, 2017, was a Tuesday and a legal holiday, so Scott's statute of limitations expired at the end of the next day, July 5, 2017. Scott electronically filed her motion to amend her petition on July 4, 2017. She timely filed before the statute of limitations expired.

*The filing of Scott's amended petition tolled the statute of limitations from running.*

Whether the district court erred by dismissing Scott's petition is a question of law subject to unlimited review. The appellate court will view the well-pleaded facts in a light most favorable to the plaintiff and assume as true those facts and any inferences reasonably drawn from them. If those facts and inferences state *any* claim upon which relief can be granted, then dismissal is improper. *Cohen v. Battaglia*, 296 Kan. 542, 545-46, 293 P.3d 752 (2013).

This issue also requires statutory interpretation, a question of law over which appellate courts have unlimited review. *Neighbor*, 301 Kan. at 918. The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction, legislative history, or other background considerations to construe the Legislature's intent. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

Dustin argues Scott's timely motion to amend her petition does not toll the statute of limitations. He cites *Read v. Miller*, 247 Kan. 557, 802 P.2d 528 (1990), and *Tharp v. Lee*, 32 Kan. App. 2d 628, 87 P.3d 323 (2004), yet those cases are readily distinguishable. In *Read*, the Kansas Supreme Court addressed K.S.A. 60-203(a). One hundred fifteen days after suing, Read moved for additional time to serve the defendants and the district court granted Read's request. On appeal, the Kansas Supreme Court emphasized K.S.A. 60-203(a) relies on the word "extend" and a court cannot "extend" a deadline after it has passed because there is nothing left to extend. *Read*, 247 Kan. at 561. The Kansas Supreme Court held the statute of limitations barred Read's claims because the district court could not extend the 90-day timeframe after it had expired. 247 Kan. at 563.

*Tharp* extended *Read*'s rationale. There, the Kansas Court of Appeals affirmed the district court's dismissal of Tharp's claims. Under K.S.A. 60-203(a), Tharp moved for an extension to serve the defendant beyond the 90-day timeframe. Unlike Read, Tharp filed his request before 90 days expired, but the district court granted Tharp's request after the 90-day expiration. The *Tharp* court relied on *Read*, finding the district court could not grant an extension because there was nothing left to extend. 32 Kan. App. 2d at 631.

Unlike *Read* and *Tharp*, Scott relied on K.S.A. 2017 Supp. 60-215(a) to amend her petition. Under K.S.A. 2017 Supp. 60-215(a)(1), a party may amend his or her pleading once without court approval if the party does so within 21 days after serving the pleading or, if the pleading is one which requires a responsive pleading, 21 days after service of a responsive pleading. Under K.S.A. 2017 Supp. 60-215(a)(2), "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave. The court should freely give leave when justice so requires." Neither of these subsections puts time limitations on the district court's authority.

Under the express provisions of K.S.A. 2017 Supp. 60-203(a), the district court cannot "extend" the time to execute service when 90 days has passed. *Read*, 247 Kan. at 561; *Tharp*, 32 Kan. App. 2d at 631. Yet the language of K.S.A. 2017 Supp. 60-215(a) creates no time limitation on the district court's authority to grant a party an amendment to a pleading. K.S.A. 2017 Supp. 60-215(a) is therefore ambiguous because it does not address how the district court should address a timely filed motion still pending after the expiration of the statute of limitations.

In similar situations, the Kansas Supreme Court has found it appropriate to toll the statute of limitations when a party cannot exercise his or her legal remedy because the party awaits a judicial determination. See *Pizel v. Zuspann*, 247 Kan. 54, 795 P.2d 42 (1990), *modified on other grounds* 247 Kan. 699, 803 P.2d 205 (1990); *Price v. Holmes*, 198 Kan. 100, 422 P.2d 976 (1967).

In *Pizel*, the Kansas Supreme Court applied the same rule as in *Price*. The *Pizel* court found the plaintiffs could not proceed with their claims against two attorneys who prepared an invalid trust until after the district court ruled the trust invalid and the appellate court denied a petition for appellate review. 247 Kan. at 76-77. The *Pizel* court determined the plaintiff's cause of action accrued against the attorneys when the district

7

court ruled the trust invalid, but the limitations period remained tolled until the appellate court denied review. 247 Kan. at 76-77.

In *Price*, Henry Weber asked Harold Holmes to prepare his will and to leave one-half of his estate to his wife, with the other one-half to his niece, Lillian Price. Holmes, a banker, prepared Weber's will and Weber died five days later. An interested party sought to probate Weber's will, but his widow contested it, claiming Holmes improperly executed the will. The district court found Holmes duly executed the will, and Weber's widow appealed the decision. Price died three years after the will was submitted for probate. Twelve days later, the Kansas Supreme Court found Weber's will void. Two months later, the probate court appointed Price's administrator and he sued Holmes, alleging negligence and breach of warranty claims for preparing Weber's void will. Holmes moved for summary judgment, arguing the statute of limitations barred Price's claims. The district court granted summary judgment, and Price's administrator appealed to the Kansas Supreme Court. The *Price* court found Price's negligence claims accrued when the appellate court declared Weber's will void because Holmes did not damage Price until the appellate court declared the will void. 198 Kan. at 105. It also found the statute of limitations did not prohibit Price's breach of warranty claims. The Kansas Supreme Court noted Price could not sue Holmes for breach of warranty until a court ruled Weber's will invalid. 198 Kan. at 107. The *Price* court explained:

> "'The rule in this jurisdiction is that if a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the running of the statute of limitations applicable to the remedy is postponed, or if it has commenced to run, is suspended or tolled, during the time the restraint incident to the proceedings continues.'" *Price*, 198 Kan. at 107 (quoting *In re Estate of Brasfield*, 168 Kan. 376, Syl. ¶ 7, 214 P.2d 305 [1950]).

The facts in *Pizel*, *Price*, and Scott's case are distinguishable, but the reasoning is not. In both *Pizel* and *Price*, the plaintiffs could not proceed without a ruling from the

8

court. *Pizel*, 247 Kan. at 76-77; *Price*, 198 Kan. at 107. Scott faced the same issue—she could not amend her pleading without court approval because Donald had already filed his responsive pleading. See K.S.A. 2017 Supp. 60-215(a). Scott's circumstances were like those in *Drake v. Phelps*, No. 65,155, unpublished opinion filed March 8, 1991 (Kan. App.); *Farmers Ins. Co. v. Tucker*, No. 59,242, unpublished opinion filed December 24, 1986 (Kan. App.); and *Farm Credit Bank of Wichita v. FCB Ltd. Partnership*, 825 F. Supp. 932 (D. Kan. 1993).

In *Drake*, Ola Drake hired attorney Fred Phelps and sued her employer for discrimination. With the civil suit pending, Phelps referred Drake to two other attorneys who filed her bankruptcy. The bankruptcy trustee settled Drake's civil suit because the settlement became part of the bankruptcy estate. Drake then sued Phelps and her bankruptcy attorneys, alleging Phelps was negligent for recommending settlement of her discrimination suit and the bankruptcy attorneys failed to advise her the settlement would be part of the bankruptcy estate. Drake moved to amend her petition against the attorneys on November 15, 1989. Based on facts not relevant here, Drake's statute of limitations likely expired on November 16, 1989. The *Drake* court found she timely moved to amend but filed her first and second amended petitions after the limitations period. No. 65,155, slip op. at 5. Even so, the appellate court noted if Drake "were required to file a motion seeking permission of the court prior to filing her amended petition, this procedural step could be considered a legal proceeding which would toll the statute of limitations." No. 65,155, slip op. at 6 (citing *Price*, 198 Kan. at 107-10). That said, the *Drake* court held the statute of limitations barred her claims because she did not need the court's permission to amend her pleading—Drake could have, but did not, amend her pleading without the court's permission under K.S.A. 60-215(a) (Ensley 1983) since the defendants had not filed a responsive pleading. No. 65,155, slip op. at 6-7.

In *Tucker*, Oletta Mott sought to overturn the district court's dismissal of her intervening petition. Two days before the two-year statute of limitations expired, Mott

9

moved for a petition as an intervening party under K.S.A. 60-224 (Ensley 1983). The *Tucker* court noted K.S.A. 60-224 (Ensley 1983) was uniformly the same as Rule 24 of the Federal Rules of Civil Procedure. No. 59,242, slip op. at 2 (citing 1 Gard's Kansas C. Civ. Proc. 2d Annot. § 60-224 [1979]). The *Tucker* court favorably noted that in federal court an intervening party who moved for a petition before the statute of limitations expired and completed service of process will not have his or her petition dismissed even if the district court granted the motion to intervene after the statute of limitations expired. No. 59,242, slip op. at 2. Even so, the *Tucker* court found Mott was not entitled to this relief because she failed to show she properly served the defendants. No. 59,242, slip op. at 3-4.

Although *Drake* and *Tucker* are not controlling decisions, their reasoning provides a better rule for the same reason discussed in the federal district courts for the District of Kansas. See *Farm Credit Bank of Wichita*, 825 F. Supp. at 935; *Wallace v. Sherwin Williams Co.*, 720 F. Supp. 158, 159 (D. Kan. 1988). As *Wallace* noted, Kansas statutes and federal rules do not address whether an amended complaint is considered filed when the plaintiff files his or her motion to amend, when the court grants the plaintiff permission to amend the complaint, or when the plaintiff files the amended complaint. 720 F. Supp. at 159. This puts the plaintiff who timely files his or her motion at the mercy of the judiciary and reliant on the courts to move faster than their resources may allow. According to *Wallace*:

> "'The Court has need for researching and deliberating upon the law as applied to the facts of the case, and this had to be done while applying time and energy to the many other matters in a busy court. The necessary time so consumed . . . should not and cannot be permitted as an obstacle to justice. Such is the intendment and spirit of the Federal Rules of Civil Procedure.'" 720 F. Supp. at 159 (quoting *Gloster v. Pennsylvania Railroad Co.*, 214 F. Supp. 207, 208 [W.D. Pa. 1963]).

Here, K.S.A. 2017 Supp. 60-215(a) does not address whether an amended pleading is considered filed when the movant presents it. As the statute is ambiguous, this court may turn to canons of statutory construction and other considerations. See *Ullery*, 304 Kan. at 409. One consideration is federal caselaw where the language of our statute is identical to federal law. See *In re Adoption of A.T.T.*, 287 Kan. 590, 628, 196 P.3d 1180 (2008); *Neagle v. Brooks*, 203 Kan. 323, 327, 454 P.2d 544 (1969). The Legislature amended K.S.A. 60-215(a) in 2010 to conform with its federal counterpart, Federal Rule of Civil Procedure 15. 4 Gard, Casad & Mulligan, Kansas Law and Practice: Kansas C. of Civ. Proc. Annot. § 60-215 (5th ed. 2012). The reasoning espoused by *Wallace* is persuasive. See *Stock v. Nordhus*, 216 Kan. 779, 782, 533 P.2d 1324 (1975) (federal interpretations are persuasive). Courts are busy and the time needed for a court to decide matters should not impede a party's legal proceedings. See *Price*, 198 Kan. at 107-10; *Wallace*, 720 F. Supp. At 159. When a plaintiff timely moves the court for an amended petition, the plaintiff's claims should not be barred because the court must apply its time and energy elsewhere before turning to the plaintiff's request. Scott timely moved for her amended petition because she filed the day before the last day of her limitations period. The district court took more than 30 days before it allowed Scott to amend her petition. Scott's claims were timely filed, and we cannot penalize her for waiting on the court. See *Price*, 198 Kan. at 107-10; *Wallace*, 720 F. Supp. at 159. Scott's amended petition was filed the same day the district court authorized her to do so. As such, her amended petition was timely filed and she obtained service on all of the defendants in a timely manner. The district court erred in dismissing her amended petition.

*Scott waived her relation-back argument at the district court.*

Scott, for the first time on appeal, claims her amended petition relates back to her first petition, so adding the additional defendants is authorized under Kansas' relation-back statute, K.S.A. 2017 Supp. 60-215(c).

11

The record reflects Scott expressly waived this argument before the district court at the motions hearing. Dustin's counsel argued to the district court there could be no relation back under K.S.A. 2017 Supp. 60-215(c) because he claimed Scott added the additional defendants as new parties when she filed her amended petition. In response, Scott's counsel told the district court she was "not arguing that this is a relation back issue, so I agree that we don't get into that analysis." Scott cannot now raise her claim of relation back in this appeal when she specifically told the district court she was not making a relation-back claim under K.S.A. 2017 Supp. 60-215(c). We decline to address it. See Supreme Court Rule 6.02(a)(5) (2019 Kan. S. Ct. R. 34); see also *Wolfe Electric, Inc. v. Duckworth*, 293 Kan. 375, 403, 266 P.3d 516 (2011) (issues not raised before the trial court cannot be raised on appeal).

Reversed and remanded.